LOUISVILLE AND NASHVILLE RAILROAD CO. v. MARTIN.

(*Nashville.* February 26, 1889.)

1. MASTER AND SERVANT. *Fellow servants. Engineer and brakeman.*

An engineer is *fellow servant*—not the *superior* of a brakeman on his train, where, being deprived of their conductor, both pursue, independently of each other, the duties prescribed by the rules of the railroad company in such emergency—the engineer *not, in fact, assuming any control over the brakeman*, though having the right to do so.

Cases cited and approved: Railroad v. Wheeless, 10 Lea, 741 ; Railroad v. Handman, 13 Lea, 423 ; Railroad v. Collins, 85 Tenn., 227 ; Railroad v. Lahr, 86 Tenn:, 335 ; Fox v. Sanford, 4 Sneed, 36.

2. SAME. *Same. Same. Charge of Court.*

Charge of Court, in such case, that the fact that the brakeman was subject to engineer's control, if the latter choose to exercise it, was the same, in legal effect, as acting under orders of the engineer, is erroneous.

---

FROM ROBERTSON.

---

Appeal in error from Circuit Court of Robertson County. A. H. MUNFORD, J.

L. T. COBB for Railroad Company.

H. C. CRUNK and JAS. L. WATTS for Martin.

FOLKES, J. Defendant in error was a brakeman in the employ of the railroad, and while so en-

gaged was injured to the extent of having his foot
crushed by being thrown violently to the ground
from the top of a car by the negligence of the
engineer, who, as it is alleged in the declaration,
was at the time of the injury in charge of the
train, in consequence of the absence of the con-
ductor, so that the defendant in error "was under
the control and subject to the orders of the en-
gineer."

There was verdict and judgment for defendant
in error in the sum of four thousand five hundred
dollars.

New trial being refused, the railroad company
has brought the case here by an appeal in error.

Several errors are assigned, but under the view
we have taken of the case it will be necessary to
dispose of only one of them.

After the Court had given his charge to the
jury, and had given several special requests of the
defendant, the plaintiff asked this charge, which
was by the Court given, viz.: "The Court in-
structs you that being subject to the orders of the
engineer is the same in effect as acting under the
orders of the engineer, as you have been instructed,
but in either case it must be by the rules and
orders of the defendant to be lawful."

This is manifestly erroneous. The Court had
in its main charge laid down the general doctrine
with reference to fellow servants, and to superior.
The jury had been made to understand that if the
injury was inflicted by a fellow servant the plain-

tiff could not recover, because he is held to have entered into the service, and been compensated therefor, with reference to the risk assumed by him, of injury from the carelessness of those who occupy toward him the position of fellow servants.

They had also been told that, while the engineer was ordinarily a fellow servant with the brakeman, the former might, under the rules or orders of the common master, become the superior of the latter, with right and duty to control and direct him; and that when the engineer did so assume and exercise toward the brakeman the authority so conferred upon him he became for the time being the representative of the master, and the master would be liable to the brakeman for the negligence of the superior.

Now, to follow these general statements of the charge, with the special one given at the request of plaintiff, was to neutralize and destroy what had theretofore been said.

It virtually and substantially told the jury that if, at the time of the injury, the engineer was in the position where, under the lawful rules and orders of the company, he might have taken charge of the train and directed the movements of the brakeman, the company would be liable for the engineer's negligence, as much so and to the same extent as if he had in fact taken charge and given orders and been at the time engaged in the exercise of his superior authority.

The error of which is made the more apparent when applied to the facts of this case.

The record shows that the train, being a freight, had, while *en route* between Evansville and Nashville, become uncoupled or broken in two.

On the front there were the engineer, the fireman, and the defendant in error, who was the front brakeman, leaving the other two brakemen and the conductor on the rear fragment of the disconnected train.

That, under the rules of the company, in such a contingency it was the duty of the front brakeman to hasten to the rear end of his fragment of the train for the purpose of ascertaining whether, in the act of separating, any timbers had been detached which were dragging on the track, and which might injure or derail the front section should it undertake to back, or hurt the rear section should its own impetus bring it in contact with such wreckage.

It was his duty also to look out for the rear section, and by signals direct and regulate the movements of the engineer, so that he might move forward more rapidly if in danger of being run into by the rear section, or stop and move back to recapture the detached portion of the train.

The same rules made it imperatively the duty of the engineer to observe and obey the signals of the brakeman so on the lookout. The engineer had no right to stop, retreat, increase or slacken his speed unless and except in response to the sig-

nals of the brakeman if the latter was at his post engaged in the discharge of his duties. These rules were known to both engineer and brakeman, and each was in the discharge of his respective duties when the injury to the brakeman was inflicted. The engineer had given no orders or instructions to the brakeman; had done and said nothing indicative of a purpose to assume the functions of the conductor, nor to take charge of the train in any manner.

The brakeman says himself that the engineer did not direct him to go to the position from which he was injured, nor direct nor assume to control his movements in any way; that he went back because it was his duty to go for the purposes already stated.

That while so engaged, and within about three feet of the rear end of the rear car on the front section of the broken train, the engineer, having shut off steam, which slackened the speed of the train, then "suddenly jerked the train forward and I was thrown off behind on the road-bed; I had given the engineer no signal to go forward."

It is true that the engineer denies that he gave any sudden jerk, and says that when he found the brakeman was no longer at his post he went back and picked him up, and, when asked how he happened to fall, the brakeman said that he had accidentally walked off; but this is the only difference between them, for, as to the action of the brakeman in going back, they agree that the engineer

Railroad v. Martin.

gave no orders and did nothing indicating a purpose to take charge of the train.

It was also in proof that when the conductor is' cut off from his train by the parting of his train, or otherwise, the right to command devolves upon the engineer, and if he has no brakeman on his part of the train when such accident happens it is his duty to send his fireman to the rear of his train to discharge the duties of look-out, as already detailed as pertaining to the brakeman in such an emergency.

We have a case, therefore, where the brakeman is injured by the negligence of the engineer of the same train while each is in the discharge of his respective duties. A contingency has happened which, under the rules of the company, authorizes the engineer to take charge and direct the movements of the brakeman; but inasmuch as the brakeman is doing, under general orders of the company, what he is required to do, and what is the best thing to be done for the safety of the lives of the employes and the preservation of the property of the company, the engineer has no occasion to take charge, and does not take charge as conductor, nor give any directions, nor do any act which as conductor he might be allowed to do, but confines his conduct entirely to his duties and functions as engineer.

In such a case the negligence is the negligence of a fellow servant of the brakeman, and the company is not responsible.

This is clear upon well-considered adjudications of this Court, which have settled principles, that control the disposition of this cause. See *N., C. & St. L. R. R. Co.* v. *Wheeless*, 10 Lea, 741, where it is held that an engineer is a fellow servant of a brakeman on the same train. This was a case where the conductor had ordered certain cars to be coupled, and had then left the engineer and brakeman to execute the order. Judge McFarland, in his elaborate and learned discussion of the case, says, among other things: "In many movements the engineer and brakeman act in accordance with general regulations, and a general knowledge of their duties, and without any special orders."

Such is the case at bar. Again: "They were engaged in a common service, each performing his particular part. * * * But the engineer did not assume any supervision of the work, or give any orders in regard to it, and the plaintiff cannot in any fair sense be said to have been acting *in this particular matter* under the orders, either express or implied, of the engineer."

So it is here. This distinction is recognized in *N., C. & St. L. R. R.* v. *Handman*, 13 Lea, 423; *E. T. & W. N. C. R. R.* v. *Collins*, 1 Pickle, 227; *L. & N. R. R. Co.* v. *Lahr*, 2 Pickle, 335; the latter case making the distinction between personal and official negligence, of one confessedly at the time the superior, so far as it affects the servant's right to hold the master liable.

While the case of *Fox* v. *Sandford*, 4 Sneed,

36, clearly points out the line which encircles "a foreman," and makes of him a fellow servant so far as the master's liability is concerned, where in the *particular matter* in which he is engaged at the time of the injury he is acting as a fellow servant, and not in his capacity of foreman.

As is well said in the *Wheeless* case, this State has gone as far as it is deemed prudent or wise to go in recognizing exceptions in modifications to the doctrine of fellow servants; and we have no desire to extend them one step beyond the point already reached.

The Circuit Judge should have charged the jury that, engineer and brakeman being ordinarily fellow servants, the company would not be liable under the facts proven in this case, unless the engineer had availed himself of his right to take charge of the train, and had taken charge and assumed to direct and control the movements of the brakeman; and that if both were acting under orders or rules of the company at the time, the brakeman as such and the engineer as such, the negligence was the negligence of a fellow servant, for which the master would not be liable.

Reverse the judgment and remand the cause for a new trial.