Railroad *v.* Northington.

## Railroad *v.* Northington.

## (*Nashville.* December 19, 1891.)

1. NEGLIGENCE. *Proof of.*

The proof makes out a *prima facie* case of negligence, where it is shown that plaintiff's intestate, while in the employ of the defendant railroad company working as a track hand under the immediate orders and supervision of a foreman or section-boss, sustained injuries by reason of being thrown against the lever of a moving hand-car, in consequence of a collision between a box negligently arranged on the hand-car by the foreman, and the platform of a depot.

2. SAME. *Burden of proof.*

The burden is upon the defendant company to rebut the inference of negligence fairly deducible from these facts.

Case cited and approved: 13 Peters, 181.

3. SAME. *Charge of Court as to cause of death.*

In suit for *death* caused by negligence there was proof of deceased's injury by defendant's negligence, and that he died about one month thereafter. There was evidence tending to show that the death resulted from this injury, and other evidence tending to show that it resulted from independent pre-existing disease.

*Held:* It was not error for Court to charge, upon these facts, that defendant was liable if the death resulted from the injury, but not liable if it resulted from the disease; and that the injury must be deemed the cause of the death, if, co-operating with the disease, it hastened the death, but not, if it merely aggravated the disease without hastening death.

Railroad *v.* Northington.

Cases cited: Fisher *v.* State, 10 Lea, 156; 25 Am. & Eng. R. Cases, 327; 18 *Id.*, 220; 50 Mich., 163.

## FROM MONTGOMERY.

Appeal in error from Circuit Court of Montgomery County. A. H. MUNFORD, J.

WEST & BURNEY for Railroad.

LEECH & SAVAGE and THOS. L. YANCEY for Northington.

SNODGRASS, J.  The defendant in error sued and obtained a verdict for $5,000 damages of the Louisville and Nashville Railroad Company for the negligent killing of her husband.  Pending motion for a new trial, $2,000 of this amount was remitted, and judgment was rendered for the plaintiff for $3,000.  The railroad company appealed.

Several errors are assigned, the first being that there was no evidence of negligence.  The accident occurred on a hand-car running from a point north of Hampton Station, in Montgomery County, to a point south of said station, where the hands using the car were to resume work after dinner,

this being just before.  The foreman in charge of
the work ordered the men (of whom Henderson
Northington, husband of plaintiff, was one) to get
on the hand-car and go to the place indicated.
They did get on and set out for it, pushing before
them a truck or push-car containing two dump-
beds or boxes, as was the custom in such removals
from place to place for work.  These were empty,
and there was no way to fasten them.  The fore-
man stood upon them, with a foot in each, thus
holding them on.  The hands rode on the car and
worked the levers propelling it.  In attempting to
pass the station platform one of these boxes struck
it and was thrown under the car, stopping it sud-
denly.  This threw deceased against the lever and
injured his right side.  Of this injury it is claimed
he died.

This, of itself, made out a case of negligence.
If the foreman allowed the boxes to be so placed
as to strike a platform on the road and bring
about this injury, it devolved upon the company
to show that it was unavoidable, or not the re-
sult of negligence; but, in addition to this, it is
proven that the foreman said at the time of the
accident that he saw the dump box had slipped
or was slipping, but did not think it would strike
the platform, thus letting the men, without warn-
ing, take the risk of a danger he foresaw and
speculated about.  The argument for the company
is that the proof fails to show that the foreman
could have prevented the box slipping, or that it

Railroad *v.* Northington.

did not slip suddenly when the car passed over a point in the rails at the place of the wreck.

The car having struck, or dump-box thereon having struck, the platform, this was a circumstance showing negligence (as the overturned coach in *Stokes* v. *Salstonstall*, 13 Peters, 181), and made out a *prima facie* case, which it devolved· upon defendant to meet. This it not only did not do, but predicates its reliance for reversal on weakness of plaintiff's additional affirmative evidence of negligence. It was the duty of the foreman representing the company to see that it was so placed that it would not strike the platform naturally; and when it did strike, it then devolved upon the company to show that this was not the result of any negligence. The *onus* was not upon the plaintiff to show why it struck, after having shown that it did strike. The reason, if there were any proper one therefor, should have been shown by the defendant, to remove the presumption of negligence arising from the fact of collision. The case referred to in 13 Peters has been often followed in this State.

The remaining error to be noticed in the number assigned is that on the qualification of a proposition submitted by defendant to the Court as instruction to the jury.

Though the plaintiff's intestate died about a month after the injury, and there was evidence to sustain the theory that his death was the direct result thereof, there was evidence tending

to show that he died of galloping consumption, of which he was probably, though not very visibly, affected when injured.

In this condition of the evidence the Court was asked to charge as follows: "If you find that the company was negligent, and deceased was injured by such negligence, then, did the injury cause his death or did he die of some disease? If he died of the injury—and by that is meant the injury produced the death, or produced a disease which resulted in death, or so weakened the powers of deceased as rendered him unable to resist a disease of which he might otherwise have recovered, or with which he might have lived an indefinite time—then plaintiff should recover. But if deceased already had a fatal disease, from which there was no hope of recovery, and his death was inevitable from that disease in a short time, and the injury was slight and of such a character as to simply aggravate the disease, and he died of the disease and not of the injury, then plaintiff cannot recover at all, for this is a suit for the death of deceased."

The Court gave this instruction to the jury, with this addition: "This is the law, but if the death was hastened or occurred sooner by reason of the injury than it otherwise would, then the injury was the cause of the death."

It is objected that the addition of the Court to the request submitted is not the law; and a case to the contrary in terms, if not in effect, as to

"hastening" the death, is cited in. 25 American and English Railroad Cases, 327. The case is from Missouri, and is that of *Jackson* v. *The St. Louis, Iron Mountain and Southern Railroad Company*. There the evidence showed that a mortally wounded man had been suffered to be placed upon a train and removed from the place where he was injured, under circumstances of at least slight negligence on the part of the conductor. The Court charged that "if the conductor was informed of the condition of the wounded man, and knew he was being taken against his will, and consent of plaintiff (his wife), and that he was so taken and transported from Dexter to Clay County, thereby causing or hastening his death, the jury should find for plaintiff." He further refused, on request of defendant, to charge "that if the wrongful act only hastened the death of Jackson, and was not the cause of same, you must find for defendant."

The Supreme Court of Missouri, on appeal, held that the giving of the first and refusal of second instruction quoted was error.

Under the facts of that case, with the brief and summary propositions standing as they do, the case may be right—it is not necessary to determine that question—but the charge we have here is not the same. It presents in the proposition submitted by the Circuit Judge all the qualifications which make the use of the term "hastened" objectionable in the Missouri case. He had already said that "if the injury was

slight, and of such a character as to simply aggravate the disease, and he died of the disease and not of the injury, then plaintiff cannot recover." He now adds, "but if the death was hastened or occurred sooner by reason of the injury"—in other words, if the death was hastened or occurred by reason of the injury, and sooner than deceased would have died of the disease, then the injury was the cause of the death—that is, of the death when it occurred at another and different time than death would have occurred from the disease. This must be true, or there could be no cause of an earlier death than that which, nothing else intervening, would have produced a later one.

A man might be suffering from an incurable disease, or a mortal wound, with only two days to live when a negligent wrong-doer inflicted upon him an injury which in his condition of debility took his life or developed agencies which destroyed him in one day, and yet the latter wrong be in a legal sense the cause of his death, though it only hastened that which on the next day would have inevitably happened.

We think the proposition submitted by counsel, and qualified by the wise and judicious view of the Court, an admirable statement of the true rule on this very delicate question. The Supreme Court of Missouri said it found no precedent for the decision made in the Jackson case, and there are, confessedly, few reported cases that touch upon the question. Those supposed to present an an-

Railroad *v.* Northington.

tagonistic view are embodied and cited in 1 Sedg-wick on Damages, 160 (8th Ed.); *Railroad Co.* v. *Kemp*, 18 American and English Railroad Cases, 220; *Beauchamp, Adm'r,* v. *Mining Co.*, 50 Mich., 163. And to the same effect is the assumption (for the point did not exactly arise for decision) in this State in the case of *Fisher* v. *State*, 10 Lea, 156.

It is sufficient for the purpose of this opinion to say that, treating it from the stand-point of an original proposition, we are entirely content with the view of it embodied in the instruction sub-mitted, as qualified by the Court upon the facts of this case. That qualification upon the proposi-tion put, removed here in fact, and will remove hereafter in precedent, all danger that this case will be authority or treated as authority for hold-ing that any slight aggravation of a disease is a " cause of death within the meaning of the statute." The Circuit Judge had already charged upon the propriety of reducing damages according to the expectation of life, and had justly exercised his judgment and discretion in requiring a remission, if the judgment was to stand, there being no grossly negligent or wanton conduct in bringing about the injury.

We are satisfied with the judgment, and it is affirmed with cost.