RAILROAD v. BOLTON.

(*Jackson.* September 20, 1897.)

MASTER AND SERVANT. *Fellow servant.*

A railroad company is not liable for an injury to a section hand caused by the negligence of the temporary section foreman while the latter was engaged as a laborer in a common work with the former. They are *pro hac vice* fellow servants.

Cases cited and approved: 112 N. Y., 614 (S. C., 3 L. R. A., 559); 6 L. R. A., 584; 23 Fed. Rep., 363.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

J. P. RHODES for Railroad.

DEASON & RANKIN for Bolton.

BEARD, J. The defendant in error, Bolton, was one of a number of section hands of the plaintiff in error, engaged at the time he received the injury for which he sues in this action in unloading some heavy piling timbers from one of the cars of plaintiff in error. Among the hands employed with Bolton doing this work was one Crocker, who also

15 P—18

was an apprentice foreman, and, as such, at the time
of the injury, had charge of the crew, the section
foreman being temporarily absent. The defendant in
error thus defines the office and duties of an "ap-
prentice:" "He is one of the section hands who is
learning to be a foreman; in the absence of the
foreman he has charge of the crew, and his duties
and authority are the same as those of the section
foreman. . . . They stand an examination; they
get better wages than the other hands; they have
the authority to discharge hands, and the hands are
subject to his [their] authority in the absence of the
regular boss."

The story of the injury, as told by the defend-
ant in error, is, as follows: "I was standing in the
car holding up the timber by a crossbar; Jim But-
ler was helping me. He was at the other end of
a piece of timber, and just as we threw the timber
over the side of the car, Coley Crocker, who was
rolling down' timber to us, rolled one down over
on me, and it fell on my leg and foot," etc.

The testimony of Crocker as to the accident is
told in these words: "I was helping unload the car;
I was not giving any orders. We had worked till
we had gotten down to the floor; Lemmons, the
boss, told us to unload the car, and he went down
to the store to get a tapeline; Lemmons did not put
me in charge of the hands; Lemmons was not gone
but a few minutes. The accident occurred while he
was gone. Bolton and the other hands were throw-

ing the timber over the side of the car and I was placing them in position for them. I used a crowbar to prize them apart so that they could get hold of them, and while I was prizing them apart one of the piles rolled down and caught Bolton's foot. I was working, and doing the work in the usual way that such work is done; was careful in doing the work.''

After the Court had given his general instruction to the jury, the defendant below submitted the following special instruction, and asked that it be given, to wit: ''If the proof shows that Crocker was the apprentice, and in charge of the section crew at the time of the accident, but was also doing the work of a section hand, and the injury resulted from the negligence of said Crocker while doing said work as a section hand, but did not result from any act of said Crocker as a superior, then, in that event, the plaintiff could not recover on account of said negligence; such would not be the negligence of a superior, but of a fellow servant.'' The trial Judge declined to grant this request, and his action in this regard is assigned as error.

The fellow servant doctrine is well established in this State, the rule being that the duty of the master is discharged when he exercises care with the view of selecting competent and suitable servants, and that, among the risks which the employe assumes upon entering into the service, is that of injury arising from the negligence of those engaged with

him in a common employment. So, in each case, it is important to determine the question whether the party whose negligence is complained of as the occasion of the injury was a fellow servant of the injured, or was at the time "exercising the authority and standing *pro hac vice* in the place of the master." Boswell's Law of Per. Inj., Sec. 217.

So, conceding that the jury, on the facts of this case, could properly find that Crocker was put in charge of the hands during the short absence of Lemmons, and that he was authorized to exercise all the functions of the latter's office, and that his negligence was the wrongful cause of the injury, yet the question of law remains, upon the undisputed facts, that the act of negligence was one done by him as a laborer in a common work with Bolton. Would the master be liable for it? It is apparent that one may be the general representative of the master, so as to charge the latter for the results of all negligence occurring within the scope of his employment, and yet he may abandon his position of superior, with the authority attached to it, and become a fellow servant of those engaged in doing the work n hand and on a plane of perfect equality with them. In the one case the master would be responsible for his negligence, and in the other we think he would not be.

Mr. Burwell, in his work on the "Law of Personal Injuries," p. 387, in discussing the doctrine of vice principal, says: "It is settled that a person

who is in some things the mere servant, may still be the agent of the master to perform other duties primarily personal to the master.   On the other hand, if a workman, charged in some directions with the duty of superintendence, does the negligent act complained of, not as superintendent, but in his capacity of fellow servant of the plaintiff, the master will not be liable for such negligent act." This distinction has been considered by the Supreme Court of New York, in *Hussy* v. *Cogan*, 112 N. Y., 614 (S. C., 3 L. R. A., 559), and has there been approved.   In *Taylor* v. *E. & T. H. R. Co.* (1889), 6 L. R. A., 584, the Indiana Supreme Court, while holding that the rule did not apply in that case, yet, in recognition of it, said: "If, for instance, the general superintendent should take hold of one end of an iron rail to assist an employe of the company in loading on the car, he would be, as to that single act, a fellow employe, although, as to the other acts, he might be the representative of the company."   To the same effect is *Quinn* v. *New Jersey Lighthouse Co.*, 23 Fed. Rep., 363.

We think the distinction recognized in those cases is a sound one, and, as there were facts in the present record which warranted the hypothetical case put in the special request in question, it was the duty of the trial Judge to have given it in charge to the jury.   For his error in failing to give it, the judgment is reversed and case remanded.