GANN   *v.*   RAILROAD.

(*Knoxville.*   October   15,   1898.)

1. MASTER AND SERVANT.  *A superior becomes a fellow-servant,
   when.*

   A superior who undertakes to perform, and puts himself in posi-
   tion to perform, the work of a fellow-servant, is, as to that
   particular work, a fellow-servant, and his negligence in such
   case, is that of a fellow-servant, and not that of a vice princi-
   pal, although he may be vice principal generally.   (*Post, pp.
   383, 384.*)

   Cases cited: Railroad *v.* Boltin, 99 Tenn., 277; Allen *v.* Goodwin,
   92 Tenn., 385.

2. SAME.  *Negligence, that of vice principal, when.*

   The negligence of one occupying generally the position of vice
   principal to the servants employed under him, in failing to
   provide safe and proper appliances, is chargeable to the mas-
   ter, although in handling such appliances he may be a fellow-
   servant.   (*Post, pp. 385, 386.*)

   Case cited: Railroad *v.* Northington, 91 Tenn., 56.

3. SAME.  *Servant assumes risk, when.*

   A servant assumes the risk in using an appliance which is known
   to be defective.   (*Post, pp. 386, 387.*)

---

FROM   MARION.

---

Appeal in error from the Circuit Court of Marion
County.  FLOYD ESTILL, J.

Gann v. Railroad.

W. T. Murray and B. F. Tatum for Gann.

W. D. Spears for Railroad.

Wilkes, J. This is an action for personal injuries, tried by the Court and jury, and resulting in a verdict and judgment for plaintiff for $1,250. The defendant railroad has appealed and assigned errors.

The first error assigned is to the admission of certain statements made by Cox, immediately after the accident occurred, as to the cause of it, and how it happened. It is insisted they were not part of the res gestæ, and were, therefore, inadmissible. We need not pass upon this assignment, as the statements made by Cox would not change the result of the case or place it in any different light than if they had been rejected.

It is next insisted that the negligence which caused the accident in this case was the personal negligence of Cox, and not official negligence, and that the Court not only failed to make the proper distinction between the two classes of cases, but refused to charge a request which would have pointed out the difference.

It appears that Cox was a section boss and Gann was a section hand under him; that Cox had authority and control over Gann; that he was subject to his orders; that Cox had the right to employ and discharge at will, and had complete control of the section and hands upon it.

It appears that Cox one evening ordered the section hands to get on a handcar, to go to a point on the road known as "Ramsey's Bottom," to measure up a lot of old iron. Cox, as was his custom, took a position at the brake, for the purpose of holding it and guiding the movements of the car. Gann and the other hands, under direction of Cox, operated the propelling lever which drove the car. The accident occurred on a steep down grade, and the car was running at about fifteen miles an hour. The brake was a peculiar one, and appears to have been of Cox's own invention. The main insistence is that Cox negligently applied, or failed to apply, this brake in such manner as to suddenly check the car. It appears that it acted upon a principle the reverse of the ordinary brake, and that it was necessary to hold it off, or it would apply itself automatically and immediately stop the car unless held off. The sudden checking of the car, in consequence of Cox letting the brake loose, forced the lever down on plaintiff's knee, and drove the leg bone down into the ankle, permanently injuring the plaintiff. He fell from the car, and it was at once stopped, and Cox went back to where he was laying, and, according to the proof of two witnesses (though contradicted by Cox himself), stated that he did not go to do it, that his coat was about to get caught in the wheel, and he reached back for it with his left hand, and that threw him around so that the bake handle came out from under his right

Gann v. Railroad.

arm, and the brake went on. This is the statement to which objection was made. There is nothing in it prejudicial to the defendant in this case upon its theory.

It is insisted that Cox, in operating this brake, was a fellow-servant with Gann and the other hands, not filling the place of the master, but, for the time being, in the work and doing the service of a servant.

The Court charged the jury, in substance, that, under the facts as thus stated, Cox and Gann were not fellow-servants, and the defendant would be liable for Cox's negligence. He was requested to charge, in substance, the reverse of this proposition, and declined.

It has been held in this State that a section boss and his subordinates occupy the relation of master and servant as to each other. It is evident, however, that a man may occupy the position of a master or vice principal in some respects and in the doing of some acts, and that of a fellow-servant in other respects and in doing other acts. If a superior undertakes to do the work of a fellow-servant, and puts himself in the place to do the work of a fellow-servant, he becomes one as to that particular work, and his negligence in such case is that of a fellow-servant, and not that of a vice principal. An individual may act in a dual capacity, not, it is true, at the same moment and in the same act, but he may, while generally acting as vice principal and

standing in the place of a master, lay aside that character and authority, and occupy, for the time being, the place and do the work of a fellow-servant, and while thus engaged in the particular act he is, in the eye of the law, a fellow-servant, and the principal is not responsible for his negligence.

This distinction is clearly pointed out in the case of *Railroad* v. *Bolton*, 15 Pickle, 277, and cases there cited. See, also, *Allen* v. *Goodwin*, 8 Pickle, 385.

The distinction is plainly and forcibly stated in *Stockmeyer* v. *Reed*, 55 Fed. Rep., 259, as follows: "The question is not one of rank. If the superintendent was acting at the time in the capacity of a fellow-servant, and his negligence caused the injury, the master is not liable. Notwithstanding his superior power, such superintendent is still a servant, and, in respect to such acts and work as properly belongs to a servant to do, he is, while performing them, discharging the duties of a servant." See the same case on appeal, 74 Fed. Rep., 186. The same distinction is held in Arkansas. *St. L., A. & T. Ry. Co.* v. *Torry*, 58 Ark., 217 (24 S. W. Rep., 244), and cases there cited. So, likewise, in Indiana. *Nall* v. *Railroad*, 129 Ind., 264; *Taylor* v. *Railroad*, 16 Am. St. Rep., 372. New York, Pennsylvania, Michigan, and other States hold the same doctrine. *Hawkins* v. *Railroad*, 142 N. Y., 416 (25 L. R. A., 396); *Ross* v. *Walker*, 139 Pa. St., 42 (23 Am. St. Rep., 160); *Harrison* v. *Detroit*, 79 Mich.,

409 (7 L. R. A., 623). And the same doctrine is held in North Dakota, Minnesota, Georgia, Oregon, Virginia, Vermont, Kansas, California, Massachusetts, West Virginia, Illinois, South Carolina, Rhode Island, and other States. The States of Ohio and Missouri may be said not to recognize the distinction clearly and fully. And Texas, under an Act of the Legislature of that State, defining the relation, seems to be undecided, if not antagonistic to the view. *T. & P. Ry.* v. *Reed*, 88 Tex., 439 (31 S. W. Rep., 1058); *Sweeney* v. *Railroad Co.*, 84 Tex., 433 (19 S. W. Rep., 555). See the subject elaborately discussed in Vol. 47, Central Law Journal, of August 12, 1898, page 130 *et seq.* See, also, Bailey's Personal Injuries Relating to Master and Servant, Sections 1834, 1972, 2154, 2176, 2535.

The Court was asked to charge that if plaintiff was one of a gang of laborers at work on the defendant road, and if the gang was under Cox, as foreman, and if Cox had charge of the brake, and the injury was brought about through the negligence of Cox in letting the brake loose and suddenly stopping the car, or throwing it on and suddenly stopping the car, the negligence would be the personal negligence of Cox, as distinguished from his official negligence, and defendant would not be liable; that, in order to charge the defendant, Cox must so far stand in the place of the master as to be charged in the particular matter with a duty toward the defendant, which, under the law, the master

17 P—25

owed to him, and his negligence in such case could not be such an obligation. This was refused, and was, we think, error. We think the case is almost identical with that of *Railroad* v. *Bolten*, 15 Pick., 276, and with that of *Railroad* v. *Peterson*, 162 U. S., 316. See, also, *Railroad* v. *Charles*, 162 U. S., 359; *Railroad* v. *Rush*, 166 U. S., 403.

There is a conflict in the evidence as to whether this brake was in good and safe condition, and this is material, because, even if Cox was doing the work of a fellow-servant in handling the brake, and for his negligence in so doing the company would not be liable, still, if he failed to provide safe and proper appliances, he would, in that matter, be doing the work of his principal, and for his negligence in not providing safe appliances the company would be responsible, as was held in *Northington* v. *Railroad*, 7 Pick., 56.

The proof tends to show that the brake was somewhat worn, so that it did not work as it would if in perfect condition, and that, in consequence of this wearing, Cox was required to hold it off with his hands all the time, otherwise it would automatically close upon the wheels, and immediately stop the car. The Court charged the jury that "if the brake was not the kind ordinarily used in the management of handcars, and was not reasonably safe, and the plaintiff knew its condition, and continued in the employment of defendant knowing just what this brake was —that it was defective and not reasonably safe—he could not recover."

The proof leaves no doubt but that Gann knew the condition of the brake, whether it was safe or defective, so that we cannot affirm the judgment upon the ground that the brake was defective, or was so found by the jury. If they did so find, they must also have found that plaintiff had full knowledge of its condition.

It is urged upon us that this view of the law is inconsistent with the holding of this Court in *Railroad* v. *Northington*, 7 Pickle, 56, *et sequitur.* We do not so regard it. In the Northington case the section boss was recognized as the superior, as he is in this case. His negligence in the Northington case was that of a vice principal, and was official. In this case it was that of a fellow-servant, and was personal. In the Northington case the section boss caused the gang to push before them a truck or pushcar, containing two dumpbeds or boxes, in moving from one place to another. Instead of furnishing these dumpbeds with proper appliances to fasten them together, and thus to make it safe to push them over the track, there was no way to fasten them. To remedy this omission, the foreman stood upon the boxes, with a foot in each, thus attempting to supply the place of proper fastenings and couplings, which it was his official duty to provide. In addition, he was directing the movements of the car, and saw that the dumpbox was slipping, but calculated that it would not strike the platform, and took the risk of its

doing so, without giving any warning to the crew. He was negligent, therefore, in not providing, in the first instance, safe and proper appliances, and, next, in requiring the car to be run on, after he saw the risk and danger, and without notifying the crew of such danger. There was no evidence in that case that the foreman was in the habit of thus substituting his feet for a coupling appliance to hold the cars together, or that the crew was aware of such practice, in which event, they might be held to have assumed the risk if they did not object (as was charged in the present case). He was also negligent, while guiding and directing the movements of the car, in not stopping when he saw the danger, and in not notifying his crew of such danger, and in both these negligent acts he was clearly in the line of his official duty as vice principal. But, in the case at bar, if the brake was defective, it had been so for some time and the fact was well known to plaintiff. The section boss was giving no directions and was not controlling the movements of the crew, but was manipulating the brake personally, which was a servant's place, and the accident was due to the unintentional, negligent act of the foreman thus engaged, in allowing the brake to escape his control.

We are of opinion there is error in the judgment of the Court below, and it is reversed and cause remanded for a new trial. Appellee will pay costs of appeal.