## ELECTRIC RAILWAY CO. *v.* LAWSON.

### (*Knoxville.* October 22, 1898.)

1. SUPREME COURT. *Assignment of error.*

   An assignment of error that the verdict is contrary to the charge is superfluous, where there is an assignment that there is no evidence to sustain the verdict. The two assignments mean the same thing. (*Post, pp. 407, 408.*)

2. MASTER AND SERVANT. *Servant obeying order in emergency.*

   To justify the effort of a servant to obey the order of a superior in a hazardous matter, the order must be immediate and upon a sudden emergency or exigency. (*Post, p. 408.*)

3. SAME. *Section boss is a vice principal*

   A section boss or track foreman is a vice principal, under the decisions in this State, and the railroad company is answerable to a section hand under him for his negligence while acting officially. (*Post, pp. 408, 409.*)

4. SAME. *Negligence of vice principal official, when.*

   The negligence of a track foreman, who was acting as a motorman of an electric car, in ordering a track hand to board the car while in motion, and in failing to stop the car in time to save him from the peril thus incurred, is official, and not personal, and the railroad company is answerable therefor. (*Post, pp. 409–411.*)

5. CONTRIBUTORY NEGLIGENCE. *Question for jury.*

   Whether or not the section hand was guilty of contributory negligence, in attempting, in pursuance of the direction of the track foreman, a vice principal, to board an electric car moving at the rate of three or four miles an hour, that precludes recovery for his death, caused by falling from the car and being run over by it, is for the jury to determine. (*Post, p. 410.*)

Electric Railway Co. *v.* Lawson.

6. CHARGE OF COURT. *Failing to distinguish between official and personal negligence.*

It is not reversible for the Court to fail to charge as to the distinction between personal and official negligence of a vice principal, where the negligence was clearly official. (*Post, p. 411.*)

Case cited: Railroad *v.* Spence, 93 Tenn., 173.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

BROWN & SPURLOCK and E. WATKINS for Railway.

MARCHBANK & MATTHEWS and J. T. MATTHEWS and W. T. MURRAY for Lawson.

SNODGRASS, C. J. Suit by children for damages for the negligent killing of their father. Declaration has two counts, first, averring general negligence of railway company, and, second, negligence resulting from giving sudden order obeyed in an emergency. There was another count for associating deceased with incompetent fellow-servants, but this was abandoned. Judgment for plaintiff for $6,000, motion for new trial overruled, and appeal in error.

There are three assignments of error—no evidence to sustain the verdict, objection to charge given by the Court and refused, and excessive damages. The errors assigned also include statement that the verdict was "contrary to the charge of the Court;" but

this is superfluous. It can and does mean only that it is against or not supported by any evidence. If a charge is correct, and there is a verdict without evidence, it is, of course, "against the charge." Therefore, if the charge is satisfactory, the objection that there is no evidence to sustain the verdict necessarily implies that it is "against the charge."

The Court had charged correctly that to justify effort to obey order of a superior in a hazardous matter, the order must be immediate and upon a sudden emergency or exigency. There was no such immediate order, and plaintiffs were not entitled to recover on that count. If entitled at all it must be for negligence not thus specifically averred, and the whole case turns upon one point, whether, under the evidence, the track foreman, by whose negligence the injury it is claimed was occasioned, was the superior of deceased in the sense of a vice principal, and was or not his negligence, if proven, personal or official.

The plaintiff in error makes through its counsel a lengthy and learned argument to show that such a superior does not so represent the principal as to charge it with responsibility, and cites many cases to that effect. It attempts also to show that, when properly analyzed, the Tennessee cases are now in accord with this view. In this counsel are in error. Whatever the doctrine may be elsewhere, it is clear that in this State a section boss or track foreman is a vice principal, and, for his negligence while

acting officially for the master, the master is answerable. This has been too long settled even to need statement, much less citation of cases.

The only question is whether the negligence was personal or official. Lawson, who was killed, was one of a gang of track hands. He was a subordinate, under Nave, the track foreman. Lawson was working with other hands on the track, under the control and orders of Nave, who that day, and for some days previous, had been running a trolley car and flat car attached, carrying tools and material over the road, depositing the latter about a quarter of a mile beyond where the deceased was working. Nave was controlling the cars, and was in charge of the motor, acting as conductor or motorman. He had the right to order deceased on or off the car. Evidence believed by the jury (and that is taken as conclusive here, after verdict and judgment), shows that he commanded deceased, who was a sub-foreman, to take four or five men, catch the cars as they would pass, and go to their destination and unload. It was up grade, and he would not stop. This deceased had done on several trips. On the one in question, and while the cars conducted by Nave were going at the rate of three or four miles an hour, he attempted, in obedience to orders before given, to get on to the front platform, caught to an iron rod or hand railing about the platform, slipped, and was swung around in front of the car. He held on for some distance—somewhere from fifteen to forty-five

feet—and then fell on the track, was run over and killed, both cars passing over his body, and some car lengths beyond. There is evidence tending to show that Nave could have stopped the cars from the time he swung around until he fell. Of course, there is evidence to the contrary, but here, after verdict, the case must be put upon the strongest evidence, and upon this it must be determined whether there was any evidence to sustain the verdict. We are of opinion that there is evidence to sustain it. The danger of the effort to get on was not, at most, very great, and it cannot be said, as a matter of law, that it would prevent recovery. The question was one for a jury, as well as its effect (if not the proximate cause of the death) in mitigation of damages. The charge was full and fair on both points, and there is no reversible error either in the fact or amount of the verdict.

This leaves for determination the question as to whether the negligence of the foreman was official, in contradistinction to personal, and we are of opinion that it was. It was Nave's duty to control the cars; at least it appears to have been assigned to him, for he had been for some time doing it, and there is no evidence that any other conductor or motorman ever did this during that work, and it was also his duty to order the men on and off of the cars. What he did or omitted to do, therefore, if negligent, was the master's negligence. He was running by there without stopping before or after

deceased caught the car, having given orders to board them while in motion. The jury had the right to find this was negligence and that it was official.

The charge of the Judge is complained of, that he did not instruct the jury that, upon the facts, it would only have been in the capacity of a fellow-servant that Nave was acting, and that the Court's charge omitted to distinguish between personal and official negligence, in a paragraph quoted in the brief.

Waiving the question as to whether the charge could be looked to at all, it not appearing to have been signed, it is sufficient to say that it would have been error to have given the instruction asked, and as to the objection to the paragraph quoted as supposed error, the omission is supplied in another paragraph of the charge, in which the Judge refers to the "superior" as necessary to be one "standing in the place of the master." 9 Pickle, 173. But this is wholly immaterial. In this case, upon the facts, the track foreman was a vice principal, and whether the Court went into such distinction as to personal or official negligence, when he referred only to negligence, is not important. It could not be reversible error in a case in which the distinction was not called for.

Judgment affirmed.