### H. D. KAMPMANN v. J. A. McCORMICK.

Decided November 21, 1900.

**Promissory Note—Non-Negotiability—Failure of Consideration—Notice.**

Although a note be non-negotiable because made payable "in current funds," yet an assignee thereof for value before maturity is entitled, under the statute, to recover thereon as against the defense of failure of consideration of which he had not notice prior to the assignment. Rev. Stats., art. 314.

APPEAL from Bexar. Tried below before J. L. CAMP.

*C. A. Keller* and *Mason Williams*, for appellant.

*Webb & Finley,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee on eight promissory notes made by the latter to Carter & Mullaly on the 26th day of June, 1893, for $100 each. Omitting the recitals of the lien reserved on certain personal property, and the stipulation as to attorney's fees, the notes sued on are in form as follows: "$100. No. 18. June 22, 1893.—On or before December 15, 1894, I promise to pay to the order of Carter & Mullaly, in current funds, the sum of one hundred dollars, with interest at the rate of eight per cent per annum from the date hereof until paid, for value received."

Each bears the same date as the one copied, and is payable respectively on the 15th day of each succeeding month beginning with December, 1894, and ending in July, 1895.

The defense plead was that the notes were non-negotiable; a failure of consideration; that appellant was not a bona fide purchaser in due course of trade before maturity, and had actual notice of the facts constituting appellee's defense when they were assigned to him. To appellee's plea of failure of consideration appellant, by supplemental petition, replied that he became the owner of the notes in good faith for a valuable consideration before maturity, and without notice that there was a failure of consideration or any defenses to them. The trial was had before a jury and resulted in a verdict in favor of appellee.

For the purpose of obtaining the right to open and close, the appellee admitted that appellant, plaintiff below, had a good cause of action as set forth in his original petition, except so far as it might be defeated in whole or in part by the facts of defendant's (appellee's) answer constituting a good defense which might be established on the trial. Inde-

pendant of this admission, the evidence tends strongly to show that the appellant purchased the notes for value in good faith before maturity without notice of the matters plead in defense. In fact there was no evidence tending to show that when Kampmann purchased the notes he had any notice of the facts (if there be facts) constituting appellee's defense of failure of consideration.

Appellant assigns as error the failure of the court to give the following special charge asked by his counsel: "If you believe from the evidence that the notes sued on or any of them were transferred and assigned to H. D. Kampmann, the plaintiff, before maturity for a valuable consideration, then you will find for the plaintiff and assess his damages at such amount as may be due on said notes, unless you believe that the consideration for said notes has failed, and that the plaintiff had notice of such failure prior to such transfer. You are further instructed that the burden is on the defendant to prove such notice to plaintiff."

For the purpose of determining whether this charge should have been given, it may be conceded that the words "in current funds" embodied in the notes made them non-negotiable. Land Co. v. Carroll, 63 Texas, 48. Still the notes were such written instruments as, under article 314, Revised Statutes, when transferred for value before maturity, made it incumbent upon appellee to prove a knowledge of the failure of their consideration on the part of appellant prior to their transfer to him. In Wright v. Hardy, 88 Texas, 653, construing article 314, in reference to the burden of proof in case of a plea of a want or failure of consideration, the Supreme Court held that the language of the article made it plain that the intent of the Legislature was that when the plaintiff showed that he had paid value, the onus was upon the defendant to show notice to the plaintiff on his part. This construction was restated and reaffirmed by the Supreme Court in Prouty v. Musquiz, recently decided on certified question from this court. We think therefore that the court erred in refusing to give the special charge quoted, its substance not being embraced in the main charge or any special instruction given by the court.

There are a number of other errors assigned, but our holding on the one considered renders it unnecessary for us to pass upon them.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*