W. P. ALLEN *v.* H. B. CHAMBERLAIN *et al.*

(*Nashville.*   December Term, 1915.)

1. **MASTER AND SERVANT.** Vice principal.  Section foreman.

A railroad section foreman is a superior servant to the laborers in his gang and a vice principal. (*Post, pp.* 440, 441.)

Cases cited and approved:  Railroad v. Northington, 91 Tenn., 56; Elec. Ry. Co. v. Lawson, 101 Tenn., 406; Gann v. Railroad, 101 Tenn., 380; Railroad v. Edwards, 111 Tenn., 31; Railroad v. Bolton, 99 Tenn., 276; Railroad v. Edwards, 111 Tenn., 31.

2. **MASTER AND SERVANT.**   Injuries to servant.   "Fellow servant."

Where a railroad employee, member of a section crew and riding on a hand car in charge of the section foreman, who permitted it to run at high speed, was injured by the latter's negligence in suddenly applying the brake, the road was not liable, since in taking part in the active operation of the hand car the foreman became a fellow servant of the injured employee; construction, preparation, and preservation being duties that the law imposes primarily upon the master, but operation being a duty imposed upon the servant. (*Post, pp.* 441-446.)

Cases cited and approved:  Tills v. Railroad Co., 20 L. R. A. (N. S.), 434; Railroad v. Martin, 87 Tenn., 398; Hopkins v. Railroad, 96 Tenn., 409; Northern Pac. Ry. Co. v. Charless, 162 U. S., 359; Railway v. Northington, 91 Tenn., 56; Railroad v. Baldwin, 113 Tenn., 409; Electric Ry. Co. v. Lawson, 101 Tenn., 406.

Cases cited and distinguished:  National Fertilizer Co. v. Travis, 102 Tenn., 16; Railroad v. Edwards, 111 Tenn., 31; St. Louis, etc., Ry. Co. v. Needham, 63 Fed., 107; Railroad v. Dillard, 114 Tenn., 240.

Allen v. Chamberlain.

3. **MASTER AND SERVANT. Fellow servant. Question of law.**
Where the facts are stated, the question whether a person is a fellow servant or a superior is of law for the court. (*Post, pp.* 441-446.)

FROM PUTNAM.

Appeal from the Circuit Court of Putnam County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—C. E. SNODGRASS, Judge.

O. K. HOLLADAY and WYNNE F. CLOUSE, for appellant.

WALTER STOKES and ALGOOD & FINLEY, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by plaintiff below against the receivers of the Tennessee Central Railroad Company to recover damages for personal injuries sustained by him while in the employ of said receivers. There was a directed verdict in favor of the defendants below. On appeal this judgment was reversed by the court of civil appeals, and the case is before us on petition for *certiorari*.

The plaintiff below was a section hand, and was thrown from a hand car, run over by the car, and

severely injured.  He belonged to a crew which work-
ed on that portion of the railroad in the neighborhood
of Baxter and Silver Point, in Putnam county.

On the morning of the accident there was a freight
wreck at Silver Point, and this section crew who were
working near Baxter were directed to get on the hand
car, go to the scene of the wreck, and aid in clearing
it away.  One Crownover, a section boss or section
foreman, was in charge of the crew.  The hand car
was a lever car.  Two other workmen were on the
rear, and Crownover, the section boss, was somewhere
about the center of the car with his foot on a brake
which controlled the speed of the car.  Some distance
before reaching the scene of the wreck there was a long
hill down which the car ran by force of gravity.  Plain-
tiff below was holding to a pick handle, when, on near-
ing the wreck, plaintiff's proof tends to show that the
car, running at a very high rate of speed, was suddenly
checked by an application of the brake by Crownover,
and plaintiff was thrown off in front of the car and
received the injuries for which he sues.

The negligence alleged is the excessive speed of
the car and the sudden application of the brake.

It is well settled in Tennessee that a railroad sec-
tion foreman is a superior servant to the laborers in
his gang; that he is a vice principal, and the *alter ego*
of the master respecting these laborers.  *Railroad* v.
*Northington,* 91 Tenn., 56, 17 S. W., 880, 16 L. R. A.,
268; *Elec. Ry. Co.* v. *Lawson,* 101 Tenn., 406, 47 S. W.,
489; *Gann* v. *Railroad,* 101 Tenn., 380, 47 S. W., 493,

70 Am. St. Rep., 687; *Railroad* v. *Edwards,* 111 Tenn., 31, 76 S. W., 897.

In *Gann* v. *Railroad,* supra, it was held, however, that the act of the section foreman in charge of a hand car in applying the brake and suddenly stopping the car so as to throw off and injure one of the laborers was the act of a fellow servant, and that under such circumstances the railroad company would not be liable to the injured employee. To the same effect see *Railroad* v. *Bolton,* 99 Tenn., 276, 41 S. W., 442, and the doctrine of both of these cases was reaffirmed in *Railroad* v. *Edwards,* 111 Tenn., 31, 76 S. W., 897.

The principle of these decisions is that the superior servant who undertakes to perform the work of a fellow servant is, as to that particular work, a fellow servant, and his negligence in such case is that of a fellow servant and not that of a vice principal, although, generally speaking, he is a vice principal.

The circuit judge thought the cases just referred to controlling, and consequently directed a verdict in favor of the defendants below. We think he was correct.

It should be stated in this connection that this court has at no time, as seems to be intimated on this record, departed from the rule laid down in *Gann* v. *Railroad,* supra, but, on the contrary, that case was approved in *Railroad* v. *Edwards,* supra, and has been followed in several unreported cases. While *Gann* v. *Railroad* is not in harmony with cases in some other jurisdictions, it has always been adhered to by this court, and is in

accord with the weight of authority. See note under *Tills* v. *Railroad Co.,* in 20 L. R. A. (N. S.), 434.

It is argued that there is proof in the record showing it to have been the duty of this foreman to handle the brake. Suppose that be true. Nevertheless handling the brake was none the less an act of service. There was nothing to submit to the jury. The rule in Tennessee is that:

"The facts being stated, the question of whether a person is a fellow servant or a superior is one of law for the court." *National Fertilizer Company* v. *Travis,* 102 Tenn., 16, 21, 49 S. W., 832, 833.

The foreman testified that he was not specially required to use the brake; that any of the hands on the car might have used it. If he had been directed to handle the brake himself the case would nevertheless fall under *Railroad* v. *Martin,* 87 Tenn., 398, 10 S. W., 772, 3 L. R. A., 282, and *Hopkins* v. *Railroad,* 96 Tenn., 409, 34 S. W., 1029, 32 L. R. A., 354. In these cases, owing to the absence of conductors, the engineers were left in charge of the trains. It was held in both cases that the masters were not liable for the negligent acts of the engineers causing injuries to brakemen; the engineers not having, in fact, assumed any control over the brakemen, and the injuries having been caused by the negligent performance of service duties imposed upon such engineers by the rules of the railroad companies. In both of these cases brakemen were thrown off the trains by the sudden application of the brakes by the two engineers.

To determine whether a particular act is that of a fellow servant or vice principal, this court has declared:

"The most general test is that, in order to be a vice principal, a servant must so far stand in the place of his master as to be charged in the particular matter with the performance of a duty towards the inferior which, under the law, the master owes to such servant." *Railroad* v. *Edwards,* 111 Tenn., 31, 43, 76 S. W., 897, 899.

The court has also pointed out that it is the duty of the master to use ordinary care to construct and prepare the place of work and the instrumentalities for work, and to preserve in safe condition the place of work and the instrumentalities for work. To work at such place, however, and to use the instrumentalities provided, is the duty of the servant. In other words, construction, preparation, and preservation are duties that the law imposes primarily upon the master. Operation is a duty imposed upon the servant.

"The line of demarcation . . . between the absolute duty of the master and the duty of the servants is the line that separates the work of construction, preparation, and preservation from the work of operation. Is the act in question work required to construct, to prepare, to place in a safe location, or to keep in repair the machinery furnished by the employer? If so, it is his personal duty to exercise ordinary care to perform it. Is the act in question required to properly and safely operate the machinery furnished, or to pre-

vent the safe place in which it was furnished from becoming dangerous through its negligent operation? If so, it is the duty of the servants to perform that act, and they, and not the master, assume the risk of negligence in its performance." *St. Louis, etc., Ry. Co.* v. *Needham,* 63 Fed., 107, 11 C. C. A., 56, 25 L. R. A., 833; *Railroad* v. *Dillard,* 114 Tenn., 240, 249, 86 S. W., 313, 69 L. R. A., 746, 108 Am. St. Rep., 894, 4 Ann. Cas., 1028.

Handling the brake on this hand car was merely an incident to the operation of the car. It was the act of a servant. The master, having provided a safe roadbed, a hand car in good condition, and having exercised due care in the selection of servants to operate this instrumentality, was not liable for the negligence of one of these servants in such operation.

It is further insisted that:

"The regulation of the speed of the hand car and the designating of the point at which it would stop were matters of control and direction assumed by Crownover and properly belonged to him as vice principal."

We find ourselves unable to agree to this contention. The running and stopping of the hand car were mere details of its operation. If the car was allowed to run at an excessive rate of speed, this was simply a matter of negligent handling of a safe instrumentality. The negligence of the foreman in this particular, tested by the rules above stated, was the negligence of a fellow servant.

The supreme court of the United States has express-
ly held that the negligence of a section boss or foreman
in running a hand car at too high a rate of speed while
carrying his gang of men is not the neglect of any duty
which the master is bound to perform, but is that of a
fellow servant of the members of his gang. *Northern
Pacific Ry. Co.* v. *Charless,* 162 U. S., 359, 16 Sup. Ct.,
848, 40 L. Ed., 999.

So we must conclude that the negligence of this fore-
man in the application of the brake and his negligence
in allowing the car to run at an excessive speed amount-
ed to nothing more than the negligent use of a proper
appliance furnished by the master. The acts of the
foreman were therefore not acts done in the discharge
of any duty which the law devolved primarly upon the
master. 4 Thompson on Negligence, section 4918.

The case of *Railway* v. *Northington,* 91 Tenn., 56, 17
S. W., 880, 16 L. R. A., 268, relied on by plaintiff below,
is readily distinguishable from the case under consid-
eration. In *Railroad* v. *Northington,* the section boss
permitted two boxes to be so placed on a push car
ahead of a hand car that the boxes struck the platform
of a station as the car passed, and injured one of the
workmen riding on it. Such conduct of the foreman
was tantamount to putting the section men to work in
an unsafe place. Likewise the push car with the boxes
so placed thereon was an unsafe appliance. Such neg-
ligence was a breach of the master's duty to use ordi-
nary care in the work of construction or preparation,
and the acts of the foreman in this respect were clearly

those of a vice principal. In *Railroad* v. *Baldwin,* 113 Tenn., 409, 82 S. W., 487, 67 L. R. A., 340, 3 Ann. Cas., 916, and *Electric Ry. Co.* v. *Lawson,* 101 Tenn., 406, 47 S. W., 489, the employees were injured as the result of negligent orders given by the superior servants. It was held in these cases that the giving of orders is essentially the province of the master or his representative.

The judgment of the court of civil appeals is reversed, and that of the circuit court is affirmed.