## BAIRD-WARD PRINTING CO. *v.* GRACE FLEMING.*

### (*Nashville.* December Term, 1916.)

1. **MASTER AND SERVANT.** Injuries to servant. Safe appliances.

Where a building was old and was never equipped with attachments for window washing and it appears that it has become the custom to use those belts and straps only in the last few years, and that only the modern office buildings are so equipped, and only two buildings in the city are so equipped, the owner of the building was not negligent in not furnishing deceased wth a belt or in not having places on the building or the window to which the belt could be attached when requiring him to wash windows. (*Post, pp.* 348, 349.)

2. **MASTER AND SERVANT.** Injuries to servant. Assumption of risk.

As a servant assumes all risks which are necessarily incident to his employment, or which are obvious or known to him, where a porter of a building, a person of mature years, and more familiar with the windows than any other who worked on the floor, was told to wash windows without further instructions, and a work bench at a window which prevented the top sash from being drawn down and a flaw in the sill and a nail securing the top sash were obvious and by the exercise of ordinary care on his part could have been known to him, and as the danger of falling from an upper story window while washing same is necessarily incident to the business of washing same, he assumed the risk. (*Post, pp.* 349-351.)

*The question of assumption of risk by servant of damages created by the master's negligence is discussed in notes in 28 L. R. A. (N. S.), 1215; 47 L. R. A. (N. S.), 62.

On the question of furnishing for servant's use article in general use as measure of master's duty see notes in 16 L. R. A. (N. S.), 128; 27 L. R. A. (N. S.), 181.

On the applicability of maxim *Res ipsa loquitur* as between master and servant see notes in 6 L. R. A. (N. S.), 337; 16 L. R. A. (N. S.), 214.

Cases cited and approved: Sivley v. Nixon Mining Drill Co., 128 Tenn., 675; Standard Knitting Mills v. Hickman, 133 Tenn., 43; Westlake v. Murphy, 85 Neb., 45; Choctaw, etc., R. Co. v. Jones, 77 Ark., 367.

Case cited and distinguished: Brewer v. Tenn. Coal Co., 97 Tenn., 615.

3. **MASTER AND SERVANT. Injuries to servant. Negligence of master. Proximate cause. Burden of proof.**

Although a master was negligent in allowing the upper sash of a window to be secured by a nail and allowing a work bench to be maintained so that such sash could not be lowered and in allowing a flaw to remain in the sill, a porter who fell while washing such window cannot recover in the absence of proof that such negligence caused the accident, as a casual connection between the negligence and the injury will not be presumed. (*Post, pp.* 351, 352.)

Cases cited and approved: National Fertilizer Co. v. Travis, 102 Tenn., 16; Railroad Co. v. Stewart, 81 Tenn., 432; De Glopper v. Railway & Light Co., 123 Tenn., 633; Railroad v. Lindamood, 111 Tenn., 457.

---

FROM DAVIDSON

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— THOS. E. MATTHEWS, Judge.

J. M. ANDERSON and WALTER STOKES, for appellant.

JNO. W. GAINES and E. A. PRICE, for appellee.

MR. SPECIAL JUSTICE CLARK delivered the opinion of the Court.

Plaintiff in error was the lessee of a five-story brick office building in Nashville, Tenn., known as the Cumberland Presbyterian Publishing House. Defendant in error's intestate, Frank Fleming, was em-

ployed as porter on the third floor of this building, and had been so engaged for a number of years. He was instructed by the foreman of that floor to wash the windows on that floor, and while washing one of the said windows on the outside, he fell and received injuries that caused his death. This suit is brought to recover damages for said injuries and death.

The grounds of negligence relied on are the failure of plaintiff in error to furnish deceased with a belt or other apparatus with which he could attach himself to the wall of the house or to the window, and a failure to have places on the wall or window upon which to attach said belt. It is also insisted that there was a work bench on the inside and in front of the window from which deceased fell, and which bench extended several inches above the level of the window sill; that there was a chipped place or break in the stone window sill on the top of same outside of the window, and that the top sash of the window had a nail driven under it so that it could not be lowered without extracting the nail. It is the theory of defendant in error that it is the custom of a window washer where they have no belts and attachments to be used in washing windows above the ground floor, to wash the outside of the windows by sitting on the sill of the window with his body on the outside, wash the lower sash, then pull the upper sash down on his lap and wash the outside of it; that, in this case, because of the position of the work bench,

deceased could not sit in the window; that he therefore .got on the outside; that because of the nail that had been driven under the top sash, he could not pull it down; that he was standing on the window sill on the outside washing the upper sash when he fell and was injured, from the results of which he died.

The proof shows the presence of the work bench, as charged, that there was a nail driven under the top sash of the window so that about one inch of the nail protruded, the purpose of which was to prevent the top sash from sliding down; that the nail gave evidences of having been there for some time and could be pulled out with a claw hammer; also that there was a broken or nicked place in the top of the window sill, on the outside, about three-fourths of an inch deep at its deepest point and running back about two inches to a feather edge. This nick was about three inches wide, and had been in the sill for some time before the day of the accident. It is admitted that deceased was not furnished a window washer's belt, and that there were no hooks or appliances on or about the window to which to attach such belts. The foreman testifies that a few days before the accident, he told deceased to wash the windows when he had time, and that he did not give him any instructions because deceased knew more about washing windows than he did, that deceased had been porter on that floor about eight years, and that he washed the windows once or twice a year.

On the day of the accident, deceased had washed several windows before beginning on the window from which he fell. From the record it appears that the last witness who saw him at the window from which he fell and before he fell was William Turbeville. He says he saw deceased a moment before he fell, that he was standing up in the window which was raised, holding by one hand under the bottom sash, and with his other hand washing the outside of the top sash, his body being on the outside of the window. None of the witnesses saw him at the time he fell, and it does not appear from the record just what he was doing at the time he fell.

At the close of all of the proof, defendant below moved the court for a directed verdict in its behalf, which motion being overruled, the case was submitted to the jury and resulted in a verdict and judgment against plaintiff in error. The case was appealed to the court of civil appeals, and that court affirmed the judgment. A petition for the writ of *certiorari* was filed in this court, the writ was granted, the case set down for argument, and it has been ably argued at the bar of this court.

The plaintiff in error assigns but one error in this court, and this assignment goes to the action of the court of civil appeals in not reversing the trial court and sustaining the motion for a directed verdict because, as insisted by plaintiff in error, the uncontradicted proof shows that deceased assumed the risk.

137 Tenn.—23

We do not think under the facts of this case that plaintiff in error was negligent in not furnishing deceased with a belt or in not having places on the building or the window to which the belt could be attached. The building from which the accident occurred is an old building. It was never equipped with attachments for window washing. It appears that it has become the custom to use those belts and straps only in the last few years, and that only the modern office buildings are equipped for that use, and that the Stahlman Building and the Hermitage Hotel building are the only buildings in Nashville so equipped.

Now, as to whether the deceased assumed the risk incident to the washing of the window under the conditions stated. The rule is that the servant assumes all risks which are necessarily incident to his employment, or which are obvious or known to him. 26 Cyc., 1185.

In the case of *Brewer* v. *Tenn. Coal Co.*, 97 Tenn., 615, 37 S. W., 549, it was held that a servant, injured by falling from a defective elevated walkway used in the course of his employment, could not recover against the master for his injuries, where the defects of the walkway caused by the wear of long use were plain and obvious, requiring no special or expert skill to detect them. In that case it was said:

"In cases where persons are employed in the performance of ordinary labor, in which no machinery is used and no materials furnished, the use of which

requires the exercise of great skill and care, it can scarcely · be claimed that a defective instrument or tool furnished by the master, of which the employee has full knowledge and comprehension, can be regarded as making out a case of liability." 97 Tenn., 620, 37· S. W., 549.

It has also been held that an ordinary ladder falls within the class of simple tools for defects in which the employer is held not liable, on the ground that such defect must be obvious to the user, by whom any risk of danger therefrom is assumed. *Sivley* v. *Nixon Mining Drill Co.*, 128 Tenn., 675, 164 S. W., 772, 51 L. R. A. (N. S.), 37.

In the case at bar plaintiff was told to wash the windows. He was not instructed how to wash them, but was left to adopt his own plan. He was a person of mature years, being past fifty, and had been acting as porter in this building for eight years, and had washed windows on this floor before the day of the accident. The work bench, the flaw in the sill, and the nail under the top sash were all plainly to be seen; if not known to him, they were obvious, and by the exercise of ordinary care on his part could have been known to him. But we are of the opinion, from the proof in this case, that deceased knew of the defects complained of. They were in plain view, and he was more familiar with the windows than any one who worked on that floor. Not only were the defects obvious, but he was as capable of judging of the danger incident to undertaking to wash the window

in the condition that he found it as the master or any other person connected with the building. The danger of falling from an upper story window while washing same is necessarily incident to the business of washing same, and, as stated, the defects complained of were obvious and known to the servant. We are of the opinion that deceased assumed the risk. *Standard Knitting Mills* v. *Hickman,* 133 Tenn., 43, 179 S. W., 385; *Westlake* v. *Murphy,* 85 Neb., 45, 122 N. W., 684, 19 Ann. Cas., 149; *Choctaw, etc., R. Co.* v. *Jones,* 77 Ark., 367, 92 S. W., 244, 4 L. R. A. (N. S.), 837, 7 Ann. Cas., 430.

There is another reason why plaintiff cannot recover in this case, and that is that the record fails to show that the negligence of defendant had any connection with plaintiff's fall from the window. It is not sufficient for plaintiff to prove that the master was negligent, but he must go further and show that the negligence caused the accident that produced the injury. *National Fertilizer Co.* v. *Travis,* 102 Tenn., 16, 49 S. W., 832; 29 Cyc., 587. The facts of this case do not bring it in that class of cases where proof of the injury and that it was caused by defendant will entitle plaintiff to recover in the absence of countervailing testimony. *Railroad Co.* v. *Stewart,* 13 Lea, 432. The mere fact of an injury does not ordinarily raise a presumption of negligence (*De Glopper* v. *Railway & Light Co.,* 123 Tenn., 633, 134 S. W., 609, 33 L. R. A. [N. S.], 913), and in the case under consideration it will not be presumed that

there was causal connection between the alleged negligence and the injury. The alleged negligence is proven as is also the injury to and death of the servant, but from the facts proven no inference points directly to one of the acts of negligence rather than any of the others as causing the injury. There is no proof that the nail in the sash or the nick in the sill caused deceased to fall. It may be that one of them did, but it could be inferred with an equal degree of certainty that neither of them did, and that he fell as the result of one of many other causes wholly disconnected from the alleged negligence. No witness undertook to state affirmatively that the accident resulted from any of the conditions charged as negligence in the declaration. It cannot be inferred from the proof that, because the master was negligent, if under the facts of this case he was negligent, and the servant was injured, the negligence caused the accident that produced the injury. *Railroad* v. *Lindamood,* 111 Tenn., 457, 78 S. W., 99.

For the reasons stated the judgments of the court of civil appeals and of the trial court are reversed, and plaintiff's suit is dismissed. Defendant in error will pay the cost.