| | |
|---|---|
| 75 | 4 |
| 76 | 618 |
| 75 | 4 |
| 81 | 522 |
| 75 | 4 |
| 82 | 475 |
| 82 | 630 |
| 83 | 146 |
| 84 | 436 |
| 75 | 4 |
| 87 | 224 |
| 75 | 4 |
| 88 | 446 |
| 75 | 4 |
| 90 | 633 |
| 91 | 322 |

THE MISSOURI PACIFIC RAILWAY COMPANY v. J. H. WILLIAMS.

No. 2770.

1. **Fellow Servant—Vice Principal.**—A car repairer under the immediate control of the foreman of the car repairers received personal injuries while obeying the direct orders of the foreman. The foreman had the power to employ and discharge servants under him. *Held*, in a suit against the railway company in whose service they were, that the foreman, under the circumstances, is to be treated as representing the company, and not the fellow servant of the plaintiff.

2. **Negligence.**—A car repairer upon going to work under a car standing where it was liable to be moved by other moving cars, requested and was promised that an outlook would be kept by the foreman and by one or more other employes. Before the injury the foreman went into another part of the yard and gave plaintiff no intimation of the approach of the moving car. *Held*, that these circumstances did not relieve defendant from liability for injury suffered at the time.

3. **Practice—Modifying Instructions Requested.**—Where a charge is requested and the court modifies it and then gives the modified charge to the jury, the action of the court should be shown, i. e., the precise alteration or addition by the court should appear.

4. **Charge—Repetition.**—The court having in its charge put the plaintiff's case upon the hypothesis that he could not recover unless at the time of the injury he was under the control of the foreman and acting under his orders, and that he had the power to employ and discharge the servants under him, it was not necessary that the proposition be repeated in presenting every distinct phase of the case; a failure to do so is not error.

5. **Care by the Plaintiff.**—That the plaintiff in going to work under the car, a place of manifest danger, requested others than his foreman to keep an outlook for danger, and such outlook was not kept by the others so requested, would be no excuse for the failure of duty on part of the foreman to keep an outlook and notify plaintiff of approaching danger.

APPEAL from Anderson. Tried below before Hon. F. A. Williams. The opinion states the case.

*Whitaker & Bonner,* for appellant.—1. A master is not liable to a servant for an injury resulting from the negligence of a fellow servant. This is elementary and well recognized.

2. When employes serve the same master, labor under the same control, derive their authority and receive their compensation from the same common source, and are engaged in the same general business, notwithstanding they may operate in different or distinct grades or departments of the common service, they are nevertheless fellow servants. Railway

v. Welch, 72 Texas, 298; Railway v. Mitchell, 72 Texas, 171; Railway v. Rider, 62 Texas, 267; Railway v. Harrington, 62 Texas, 597; Railway v. Watts, 63 Texas, 549; Dallas v. Railway, 61 Texas, 196.

3. The mere fact that one of a number of servants, who are in the habit of working together in the same line of employment for a common master, has power to control and direct the actions of the others with respect to such employment, will not of itself render the master liable for the negligence of the governing servants, resulting in an injury to one of the others, without regard to other circumstances. If the negligence complained of consists of some act done or omitted by one having such authority, which relates to his duties as a colaborer with those under his control, and which might just as readily have happened with one of them having no such authority, the common master will not be liable. In this case, if Holmes, the foreman, agreed to watch for plaintiff, and to prevent cars from being pushed against the one under which he was at work, as to such service he was a fellow servant, and for his negligence in performing it the defendant company would not be liable. Railway v. May, 15 Am. and Eng. Ry. Cases, 320; Fraker v. Railway, 15 Am. and Eng. Ry. Cases, 256; Peterson v. Railway, 31 Am. and Eng. Ry. Cases, 292. Car repairer and foreman held to be fellow servants. 22 Am. and Eng. Ry. Cases, 320, note; McCosker v. Railway, 84 N. Y., 77; Rains v. Railway, 5 Am. and Eng. Ry. Cases, 610; Wager v. Railway, 119 Mass., 419; Zeigler v. Day, 123 Mass., 152; Coal Co. v. Jones, 86 Pa. St., 432; O'Connell v. Railway, 20 Md., 212; Hofnagle v. Railway, 55 N. Y., 608; Besel v. Railway, 70 N. Y., 171; Webb v. Railway, 2 S. E. Rep., 440. Yardmaster and brakeman held to be fellow servants. McGovern v. Mfg. Co., 5 S. E. Rep., 492.

4. The charge should be given as asked, and without alteration, or refused. [See opinion.] Cotton Press Co. v. Bradley, 57 Texas, 587; Railway v. Rider, 62 Texas, 267; Railway v. Gilmore, 62 Texas, 391; Sayles' Civ. Stats., art. 1317, and note.

*Gregg & Reeves,* for appellee. — 1. An employe having entire control of a department in a railroad, including the power of hiring and discharging employes under him, is a vice principal, and is not a fellow servant with such employes.

2. While it may be true that an employe with general power of control and of hiring and discharging is, in relation to his duties as a colaborer (if he performs any such duties), not the representative of the master, so as that his negligence in such matters binds the master, yet when the superior servant requires one under him to work underneath a train of cars, in a place of extra hazard, promising to watch and prevent injury, then the superior servant is, in the giving of such command under this condition, in the exercise of his representative duties of con-

trolling and is not a fellow servant, and the master is liable for his neg-ligence. An omission of the general charge to present a particular phase of the law is not ground for reversal unless a special charge covering it was asked and refused. Mayton v. Railway, 63 Texas, 78; Bradley v. Railway, 62 N. Y., 99; Moak's Und. on Torts, 59; Cool. on Torts, sec. 6; Moore v. Railway, 21 Am. and Eng. Ry. Cases, 509.

3. The facts show that plaintiff relied upon the promise of protection from Holmes as well as upon those of fellow servants, and that all were guilty of negligence.

GAINES, Associate Justice.—This suit was brought by appellee against appellant to recover damages for a personal injury.

The uncontroverted evidence shows that plaintiff was a car repairer in the shops of the defendant company at its yard in Palestine. One Monroe was master car builder, with general supervision of the repair department at that point. One Holmes was foreman of the car repairers under him. Plaintiff was ordered by Holmes to go under a car to repair it, which was not upon a repair track, but upon a track used in the transportation department in connection with the main track. Plaintiff obeyed the order of Holmes, and went under the car to repair it, as it was necessary for him to do. While lying under the car it was struck by another car and the wheel of the car he was repairing driven upon his heel, inflicting a serious injury. The plaintiff testified that before he went under the car Holmes promised him to watch and to see that he was not injured. He also asked two other employes to watch. He relied upon the promises both of Holmes and of another employe of defendant to protect him. He also testified that he was a car repairer in the employment of the defendant company, and, in connection with others, was under the direct orders and control of Holmes, and that Holmes had the power to employ and discharge the hands under his control. Other witnesses testified to the same facts as to Holmes's power to employ and discharge hands. The defendant introduced testimony tending to show that Holmes did not have this power, but that it was lodged with Monroe, the master car builder.

The first error assigned by appellant is as follows:

"The verdict and judgment are contrary to law and unsupported by the evidence, in that the facts clearly show that Holmes, foreman, etc., did not sustain the relation of vice principal to appellee, but was only a fellow servant in respect to the alleged negligence whereby appellee received his injuries. And the facts clearly show that appellee did not rely on the promises of Holmes to protect him, but on the promise of Colby, a volunteer and fellow servant, and Morris, a switchman and fellow servant; and that his injuries were not the proximate result of appellant's negligence, but were the result of appellee's own want of due

care, or of the negligence of his fellow servants, for which appellant is not legally liable."

The evidence was sufficient to warrant the finding by the jury that Holmes had the power to employ and discharge hands, and the verdict is conclusive upon that point. The question therefore arises whether he is to be deemed the representative of the company or a fellow servant as to the employes under his control. Upon this question the authorities are conflicting. The courts of many of the States hold that it is only when an employe is charged with a duty, which by its implied contract a railroad company has undertaken toward its employe, such as furnishing a safe track and machinery and the employment of careful and skillful servants, and the injury results to another employe from his neglect to perform that duty, that he is to be deemed the vice principal of the company and not the fellow servant of the injured party. On the other hand, there are numerous cases which hold that the employe who has charge of a special department of a company's business, with power to employ and discharge the servants in his department, is not to be deemed the fellow servant of those under his control. This rule has been recognized and followed by this court. Wall v. Railway, 4 Texas Law Rev., 37. A servant who has the authority to employ other servants under his immediate supervision exercises an important function of his master, and has as full control over them as the master would have were he present, acting in person. The subordinate in such a case is in fact as much the servant of the agent who employs and controls him, as he would be of the master were the latter discharging the functions of his agent. It would seem, therefore, that there is as much reason for holding that a servant assumes the risk of the master's negligence, as for holding that he assumes the risk of the negligence of such a superior employe of his master. He may be presumed to exercise an influence over a coemploye who did not employ and has no power to discharge him, calculated to promote care and vigilance on part of the latter, which he can not or dare not exercise towards one who has the right to terminate his employment. There is reason therefore for adhering to the previous ruling of this court, and for holding that if the plaintiff in this case was under the immediate control of Holmes, and Holmes had the power to employ and discharge the servants under him, Holmes is to be treated as the representative of the company and not the fellow servant of the plaintiff.

The court was asked by defendant to give the following charge: "If you find that Holmes was not a fellow servant of plaintiff, but was the representative of the company, but you further find that although Holmes promised to watch for plaintiff, yet he abandoned the watch with plaintiff's knowledge, and then plaintiff continued the work, relying on the promises of Colby and a switchman to keep a lookout and protect him, and Colby and the switchman were fellow servants of the plaintiff, and

plaintiff was hurt by failure of Colby and the switchman not keeping proper watch, then you will find for defendant." The court refused to give said charge as requested, but of his own motion added by interlineation after the word "knowledge" the following: "And that plaintiff knew or ought to have known that Holmes would not by himself or others protect him," and then gave the said charge as so modified. The refusal to give the charge as requested and the modification are assigned as error. We think the court did not err in its ruling for two reasons. In the first place, while there was evidence showing that Holmes had left the car under which plaintiff was working and that plaintiff knew this, there was none to show that he, plaintiff, knew that he had abandoned the watch. The plaintiff testified that when Holmes left the car he went across the track to some others about fifty feet distant to rub off some marks upon them. It was not shown that he could not have watched as effectually in that position as when he was standing near the car. Plaintiff testified distinctly that he relied both upon Holmes and Colby to protect him, and did not at any time say that he ceased to rely upon Holmes. In the second place, even if it had appeared that Holmes had abandoned the watch with plaintiff's knowledge, the jury might reasonably have concluded that although plaintiff knew it, he still relied upon him as his superior, who had promised his protection, to take other steps to secure the object as effectual as his own personal attention to the matter.

An objection is made to the mode in which the modification of the charge was made. In Compress Company v. Bradley, 52 Texas, 587, it is said that the judge should give or refuse a charge asked in the very terms of the request, and that if he wishes to give it with a qualification he should rewrite the instruction embodying the qualification. We think, however, that when a modification is appended to a requested charge in such a manner as to show the precise charge asked, and the precise modification, and the whole is intelligible to the jury, that no injury results to the party making the request. The action of the court shows that the charge as requested is refused, and if the modification be proper there is no good ground of complaint. It would be different, however, should the trial judge insert words in a request for instructions without showing in a statement connected therewith the precise change he had made. Otherwise a charge not requested might appear in the record as being given at the request of a party who was prejudiced by the instruction.

The third error assigned is that "the court erred in charging that 'if plaintiff relied and acted not on orders and promises of Holmes, but those of other employes of defendant, then he could not recover, such other employes being fellow servants of his. But if plaintiff received and acted upon Holmes's orders and promises, and was hurt in consequence of Holmes's negligence, without his own negligence contributing to it, he could recover if otherwise entitled, notwithstanding he may have asked

and received promises of other employes also,' because said charge was on the weight of evidence, and assumed that Holmes was a vice principal, and because said charge was misleading and not warranted by the pleadings or evidence, and in effect authorized the jury to find for appellee although he may have in fact relied on the promises of Colby or Morris to keep watch; and the court erred in refusing special charge No. 2 asked by appellant."

If that portion of the charge of the court which is copied into the assignment stood alone, it would be manifestly erroneous. But we are of opinion that taking the charge as a whole the jury could not have been misled by the language quoted. The entire charge put the plaintiff's case upon the hypothesis that he could not recover unless at the time of the injury he was under the control of Holmes and acting under his orders, and Holmes had the power to employ and discharge the servants under him. After having so clearly and unmistakably stated this as a proposition of law, the jury could not have been misled by the failure to repeat it in presenting every distinct phase of the case made by the testimony upon other issues.

The special charge No. 2 which is referred to in the assignment is as follows:

"If you believe from the evidence that plaintiff, when he went to work under the car, relied on the assurances of protection made by Colby, the yard master, and a switchman, and Colby was not in a common employment with plaintiff, but promised to look out for plaintiff at his request, then you will find for defendant."

There was no error in refusing the charge. If Holmes promised to protect plaintiff while at work under the car, and if plaintiff relied upon such promise, and Holmes failed to do this, we think it is no excuse for his failure that plaintiff, in the abundance of his caution, asked others to watch also and see that he was not injured.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered November 5, 1889.