THOMAS SWEENEY v. GULF, COLORADO & SANTA FE
RAILWAY COMPANY.

No. 7196.

1. **Vice Principal — Extent of Liability.** — Where a foreman employed by a railway company has the power to control the servants under him and to employ and discharge them, such foreman occupies as to those under him the position of vice principal. This character attaches to all his acts affecting those under him. He represents the company in the performance of any act, service, or duty for the company in the line of his employment. No distinction should be drawn between his acts in the performance of the higher duties intrusted to him specially and those of an ordinary character which both he and the subordinate employes may be in the habit of indiscriminately performing.

2. **Same.** — Where injury is caused by the negligence of the vice principal to an employe under him the law views the act in the same light as if the master had been personally present and committed the negligent act.

3. **Same — Case in Judgment.** —A section foreman having authority to employ and discharge the members of his gang, and controlling their work, caused injury to one of his gang by negligently throwing back a switch opened by him. *Held,* that the relation of fellow servant did not apply in suit against the railway company for the injury so caused by its foreman.

4. **Practice in Supreme Court.** — Upon reversal for error in conclusions of law by the trial court, there being no dispute as to the facts, this court will render such judgment as the trial court should have rendered.

APPEAL from Cooke.    Tried below before Hon. D. E. BARRETT.
No statement is necessary.

*G. G. Randell,* for appellant.—1. The court erred in finding that the section foreman, James Murphy, in throwing the switch which caused the injuries to plaintiff, was acting in the capacity of fellow servant and colaborer of plaintiff, and in no other capacity.   Because the facts are and the evidence shows, that said Murphy was acting in the capacity of section foreman and agent and vice principal of defendant in throwing said switch, and that it was a part of his duty as section foreman to throw said switch.   Douglas v. Railway, 63 Texas, 564; Railway v. Hester, 64 Texas, 401; 15 Am. and Eng. Ry. Cases, p. 320, and authorities cited.

2.   Murphy was not acting as fellow servant and colaborer of plaintiff, but in his capacity as section foreman; and as a matter of law, if Murphy was acting as a fellow servant and colaborer of plaintiff, still the defendant would be liable for the injuries received by plaintiff by reason of the negligence of the said section foreman in throwing said switch.

3.   The court erred in its judgment, because the same is contrary to the law in holding that defendant would not be liable for the negligent act of its agent Murphy in throwing said switch and injuring plaintiff, and in holding that the said Murphy was acting in the capacity of colaborer and fellow servant of plaintiff.

*J. W. Terry,* for appellee.—1. Where the foreman is vested with the power to employ and discharge the hands under him, then in the exercise of such power he represents the master as vice principal, and the master will be liable for his negligent exercise of such power to the employes under him.   This, however, will not render the master liable to the coemploye for the negligence of such person in the performance of work in respect to which the master owes to the co-employe no personal or nonassignable duty.   The preponderance of the evidence sustains the finding of the court, to the effect that in throwing the switch, foreman Murphy was not acting in his capacity of vice principal, but was acting as an ordinary co-employe.   Railway v. Farmer, 73 Texas, 85; Robinson v. Railway, 46 Texas, 540; Bish. on

Non-Con. Law, secs. 661–668; McKin. on Fel. Serv., pp. 290–292, and cases cited; Crispon v. Bobbitt, 81 N. Y., 516; McCrosker v. Railway, 84 N. Y., 77; Railway v. May, 108 Ill., 299; Hussey v. Coger, 20 N. E. Rep., 556; Lindvale v. Woods (Minn.), 42 N. W. Rep., 1020; Brick v. Railway, 98 N. Y., 211; Hoke v. Railway, 11 Mo. App., 574; Queen v. N. J. L. Co., 23 Fed. Rep., 363.

2. The distinction between the liability of the master to an employe for the negligence of another employe engaged in the performance of some personal duty which the master owes to the employe, called for convenience "nonassignable duties," and the liability of the master for the negligence of the same servant while engaged in the performance of some duty which is not nonassignable, as well as the principle upon which the distinction rests, is so clearly stated by the philosophic Bishop in his late work on Non-Contract Law that we rest the case upon his text, with the suggestion that the rule as announced by him is amply supported by the cases above cited. The distinction contended for is clearly recognized in Railway v. Farmer, 73 Texas, 85.

MARR, JUDGE, *Section A.*— "The appellant, as plaintiff below, brought this suit on the 19th day of April, 1889, against appellee, defendant below, to recover damages for personal injuries to appellant to the amount of $20,000, sustained by appellant while in the employ of appellee as section hand on appellee's railway on the 29th day of August, 1888, in the city of Gainesville, Cooke County, Texas, said injuries being caused by the gross carelessness and negligence of appellee through its agent James Murphy, section foreman."

The court decided the case in favor of the defendant, upon the ground that said Murphy and the plaintiff were fellow servants of a common master in reference to the particular acts which were negligently performed by Murphy and caused the injury to the plaintiff. Murphy was the foreman of the section "gang," and he had been invested by the defendant with authority to employ and discharge the employes in his "gang." The plaintiff was one of these, and was working under him and subject to his orders at the time when he received the injuries on account of the negligence of said foreman of which complaint is made in this suit.

It appears, that upon the day of the injury Murphy and some of the employes upon one hand car, and the plaintiff and other employes upon another hand car, were all going to a certain point on defendant's road, "where they were to work that day," Murphy's car being in advance. Arriving at a switch, Murphy dismounted, "in order to throw the switch, so that the hand cars might pass on to the main line of the road." The "first hand car passed safely, but as the second car (the one upon which the plaintiff was riding) was entering upon the main line, and before it had cleared the switch, said Murphy threw the switch

back, thereby causing the said hand car to jump the track, and causing the handle of the car to strike plaintiff and throw him violently upon the ground. Plaintiff was guilty of *no* negligence, but Murphy was guilty of negligence in throwing the switch," as before indicated.

The above summary is taken from the judge's findings of facts, and it is not controverted that the evidence amply supports the findings. The court further found, that the plaintiff had been damaged on account of the injuries in the sum of $750; and the judge says, "that if in my judgment the defendant was liable for the injuries sustained by the plaintiff, I would render judgment for him for $750;" but as Murphy, in his opinion, "in throwing the switch was acting in the capacity of a fellow servant and colaborer of the plaintiff" (which he finds as a matter of fact and of law), he therefore rendered judgment in favor of the defendant. In the conclusions of fact the court below furthermore says: "In throwing said switch said Murphy was not acting in the line of his duty as section foreman. He was not performing a duty delegated to him as section foreman. It is customary and usual on defendant's line of road for switches to be thrown by any of the employes of the road indiscriminately, or by the section foreman, just as convenience might suggest, the section foreman throwing switches when more convenient for him to do so than for some of the other hands, and vice versa. In throwing the switch which caused the injury to plaintiff, said Murphy was acting as a fellow servant and colaborer of plaintiff, and in no other capacity."

The plaintiff has appealed, assigned errors in the findings of the court below, and asks that the judgment be reversed and rendered in his favor. There is sufficient evidence in the record to sustain the findings of fact of the court below as above set forth, but we think that whether Murphy should be regarded as a vice principal of the defendant or a mere fellow servant of the plaintiff at the time of the injury and in the performance of the act which caused the injury, is a question of *law* to be determined from the facts of the case. The doctrine relied upon by the appellee to support the judgment of the court below—that a vice principal or alter ego of the master should only be considered as occupying that relation in reference to those nonassignable duties of the master which the law devolves upon him, such as employing competent servants and providing suitable machinery, etc.— seems to have been expressly repudiated by the courts of this State. Railway v. Williams, 75 Texas, 4; Railway v. Smith, 76 Texas, 611; Nix v. Railway, 82 Texas, 473. The weight of the authorities elsewhere may support this doctrine, and in the case of Railway v. Farmer, 73 Texas, 85, there are expressions used in the opinion which seem to recognize the correctness of the rule now contended for by the appellee's counsel, but the point was not decided by the court. Bish. on Non-Con. Law., secs. 661–665, and cases cited; 108 Ill., 288. Upon the di-

rect authority of the decision in Railway v. Williams, 75 Texas, 4, there can be no doubt that Murphy was a vice principal of the defendant and not the fellow servant of the plaintiff. Such relation being established, the three cases first cited as adopted by the Supreme Court lead to the conclusion that Murphy should be held to have been the representative of the defendant in the performance of any act, service, or duty for the defendant in the line of his employment, and that no distinction should be drawn between the performance of those higher duties intrusted to him specially and those of an ordinary character which both he and the subordinate servants and employes under him were in the habit of indiscriminately performing. In other words, when he negligently injured the plaintiff the law viewed his act in the same light as if the master had been personally present and committed the negligent act himself, and in the latter contingency no one would doubt the liability of the master.

The rule upon the subject and the reasons for the rule as adopted in this State will be found to have been expounded and explained by Judge Gaines in delivering the opinion of the court in Railway v. Williams, supra, and we need not quote the language. 75 Texas, 7. In Nix's case, cited above, the attempt was made by the railway company to limit, in effect, the powers of the vice principal to the "nonassignable duties," but the position was not sustained by this court nor the Supreme Court. The decision in Williams' case was reaffirmed, and attention was pointedly called to the fact that the Supreme Court had but partially adopted the opinion of the Commission in the case of Railway v. Smith, 76 Texas, 618.

In this state of the authorities in Texas, we do not think that the question in hand should be treated as an original one. We feel bound by the foregoing decisions, and therefore hold, that the court below erred in denying the liability of the defendant for the negligence of Murphy under the facts in evidence, upon the ground that he was a mere "colaborer and fellow servant of the plaintiff." Nothing remains to be done in this view of the case but to reverse the judgment and render one in favor of the plaintiff, as there is no controversy about the fact of negligence and the amount of the damages as fixed by the District Court.

We think, therefore, that the judgment should be reversed and here rendered in favor of the appellant against the appellee for the sum of $750, and all costs of this suit, for all of which execution may issue as the law directs, etc.

*Reversed and rendered.*

Adopted April 26, 1892.