Defendant in error, Chris. Peters, recovered damages in the sum of $2891 for personal injuries received while engaged as a section hand on the railway of plaintiff in error. One Brooks was the section foreman who employed Peters. He had authority, derived from the railway company through its roadmaster, to employ and discharge section hands on the section upon which Peters was engaged, and to control and direct their movements and labor, and in the exercise of this power employed Peters. He also had the use and control of a hand car, which was run under his direction in transporting the hands to and fro on the road.
Upon their return from work, about July 1, 1890, near Decatur, the injuries were received for which the damages in question were recovered. The section hands, six in number, including Peters, were all standing at their appropriate places on the hand car, with Brooks sitting in front on a keg; Peters standing also in front, where, with the other hands, he had been engaged in propelling the car, until the top of a hill was reached, when they all turned loose the handles, leaving one Potts at the brake, whose duty it was to regulate the speed of the car under the direction of the foreman. The car was moving down grade by its own weight and momentum very rapidly — according to some of the witnesses, at lightning speed, though upon this point the evidence was conflicting — when Brooks discovered something upon the track a short distance ahead, which he took to be a rock, but which afterwards proved to be a biscuit, and to avoid what, as it appeared to him, might otherwise have been a disastrous accident, called out twice to stop the car immediately, which the brakeman proceeded to do, and in the effort Peters was thrown from the car, which ran over him and was thereby derailed, inflicting severe and painful injuries, for which the damages were recovered.
The contention of Peters was that the railway company should be held responsible for the injuries received, on the ground that Brooks was the representative of the company, its vice-principal, and that, in permitting the car to be run down hill at a dangerous rate of speed, and in too suddenly stopping the same, there was negligence.
We find that Brooks acted by authority of the railway company, derived from the roadmaster as aforesaid, as its representative in respect to the employment in which Peters was engaged, and that while the evidence was conflicting as to the rate of speed at which he permitted the car to run, the verdict finds support therein in affirming *Page 81 
that it was run at a dangerous speed through the negligence of Brooks in not having the brakeman to exert the proper restraint. We are not able to say from the evidence that there was negligence in his attempting to stop the car under the circumstances.
The verdict is also sustained as to the amount of the recovery.
We are not able to say from the evidence that Peters was guilty of contributory negligence, nor do we find evidence of negligence in the other section hands.
Conclusions of Law. — The exceptions to the petition were all properly overruled, and consequently the first, second, third, and fourth assignments are not well taken.
The special charges requested by the railway company were also properly refused. In so far as they correctly stated the law applicable to the facts, they were incorporated in the court's charge. This conclusion overrules the fifth, sixth, seventh, eighth, and ninth assignments of error.
Complaint is made of the following portion of the court's charge as not being warranted by the evidence: "And if said Brooks caused the plaintiff to get upon the hand car and to take on said car a dangerous and extra hazardous position, and if the said Brooks had the control and management of said hand car, and if the said Brooks negligently caused said hand car to be run at a high speed, and if while said hand car was so running, the said Brooks negligently caused said hand car to be suddenly stopped, and if thereby the plaintiff was thrown from and run over by said hand car, and if the plaintiff was not himself guilty of contributory negligence, he would be entitled to recover of the defendant the damages, if any," etc.
We find neither allegation nor proof that Brooks caused the plaintiff to take a dangerous and extra hazardous position on the hand car, nor are we able to say from the evidence that said Brooks negligently caused said hand car to be suddenly stopped, but we are of opinion that the charge, in requiring the jury to find these two acts of negligence to concur with the third, involved in the high speed, placed a burden upon the defendant in error more onerous than the law required, and that this error was in favor of and not against the plaintiff in error, and for that reason we think the eleventh assignment of error must be overruled.
The charge is also complained of, on the ground that under the evidence Brooks was a fellow servant, and not a vice-principal. We understand this contention to be ruled against plaintiff in error in Railway v. Williams, 75 Tex. 4, and subsequent cases. This conclusion overrules the tenth and twelfth assignments of error.
Complaint is set up in the thirteenth assignment, that the charge failed to instruct the jury as to the risks assumed by Peters, but we *Page 82 
find nothing in the facts requiring such a charge to be given, if requested in proper form. Railway v. Brentford, 79 Tex. 619.
This brings us to the fourteenth and sixteenth assignments of error, complaining of the insufficiency of the evidence to support the verdict, and of the refusal of a new trial. We have given the facts of this case much reflection, believing as we do that it lies very near the line, often difficult to trace, which separates the domain of accident from that of negligence; but we do not feel warranted in disturbing the verdict of the jury, coming to us as it does with the approval of the district judge.
There being no other errors assigned, the judgment will be affirmed.
Affirmed.
Affirmed by Supreme Court, June 18, 1894. Railway v. Peters,87 Tex. 222.