### ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY V. Y. H. BERRY.

Decided March 31, 1906.

**1.—Due Order of Pleading.**

Defendant, in an amended answer, specially excepted to plaintiff's petition on the ground that it appeared upon the face of said petition that there was a misjoinder of parties defendant and causes of action. The exception was overruled by the trial court. The contents of the original answer do not appear in the record. Due order of pleading requires that exceptions in the nature of pleas in abatement must be filed prior to an answer to the merits. The presumption must be indulged on appeal, in support of the judgment, that the exception was not made in the original answer.

**2.—Common Carriers—Codefendants.**

If appellant operated any part of its railroad in this State it was properly sued with the initial carrier. But, if the joinder was error at the time, since the trial in the court below the Act of the Twenty-ninth Legislature, approved March 13, 1905, which would make the joinder proper, has become effective, and the judgment should therefore not be reversed.

**3.—Carrier—Liability—Pleading.**

Plaintiff's petition alleged that defendant was a common carrier of freight, fully set out the facts constituting his cause of action, and charged a breach of duty imposed upon defendant by law. This was sufficient without an express declaration upon any bill of lading or contract which may have been made.

**4.—Issue—Evidence—Charge.**

The court should not submit an issue where there is no evidence to support a finding.

**5.—Requested Instruction—Modification by Court.**

It is not error for the court to modify a requested charge when the charge is so modified that the precise charge requested and the precise modification made by the court distinctly appear; or where the charge asked consists of several separate subdivisions defining as many distinct conditions of fact to be found by the jury, and one of such subdivisions is not the law, such subdivision may be eliminated and the remaining portion of the charge given.

**6.—Contributory Negligence—Burden of Proof.**

It is not error to refuse a special charge which in effect imposes on plaintiff the burden of disproving contributory negligence.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*W. T. Henry,* for appellant.—Where two railroads are sued on distinct and separate obligations arising out of the duty of each merely to transport over its own line of railway, the cause of action as against each of the companies is separate and distinct, and unless it be shown that a part of each line of railway is operated within this State, there is no law authorizing the joinder of the two causes of action against the separate defendants in the same suit. Screwmen's Benevolent Assn. v. Smith, 70 Texas, 168; Stewart v. Gordon, 65 Texas, 344; Williams v. Robinson, 63 Texas, 576; St. Louis, I. M. & S. Ry. Co. v. White, 97 Texas, 493.

When one carrier is sued only for injury occurring on its own line it can not sue for or recover judgment over against a connecting carrier for the damage occasioned on its own line of railway, with which the connecting carrier has no concern. Texas & P. Ry. Co. v. Childs, 40 S. W. Rep., 41.

Where the charge of the court instructs the jury to find the total damages suffered by a shipment of horses to two defendants and allows them to divide this damage only between the rough handling on the line of the defendant and rough handling and delays on the line of the other defendant, when there was evidence of delay on the line of the first defendant, such a charge is erroneous and prejudicial to the second defendant. Chambers v. Tarbox, 27 Texas, 139; Tynan v. Paschal, 27 Texas, 286; Dallas & O. C. Ry. Co. v. Harvey, 27 S. W. Rep., 423.

The measure of damages for injury to a shipment of horses delayed in transit is the difference in what they would have been worth at the time they should have arrived in the condition they should have been in and their value at the time they did arrive and in the condition they were actually in upon arrival. Southern Kansas Ry. Co. of Texas v. Crump, 74 S. W. Rep., 335; Gulf, C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 516; Houston & T. C. Ry. Co. v. Williams, 31 S. W. Rep., 556.

Where there is a controversy made by the evidence as to whether there is any market value for horses at the destination of a shipment, the existence of such market value should be submitted to the jury, especially when its submission is requested. Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 42; New York, L. E. & W. Ry. Co. v. Estill, 147 U. S., 591.

It is error for the court to change or modify the requested instruction of a party without its consent and to give the modified and changed instruction in charge to the jury as the requested instruction of the party. St. Louis S. W. Ry. Co. v. Ball, 66 S. W. Rep., 879.

Contributory negligence on the part of the plaintiff and his assumed duty to care for the horses in transit having been plead by appellant, and there being evidence in support of same, it was error for the court to refuse the charge submitting this issue. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 162.

*Hardwicke & Hardwicke* and *Holloway & Holloway,* for appellee.— An exception for misjoinder of causes of action is dilatory and, when

it is contained in an amended answer, an order overruling it can not be reviewed unless the record shows that the exception was taken in the original answer and in due order of pleading. Martin v. Robinson, 67 Texas, 368, 382; Kalteyer v. Wipff (Texas Civ. App.), 49 S. W. Rep., 1055, 1056; Brooks v. Galveston City Ry. Co. (Tex. Civ. App.), 74 S. W. Rep., 331; Killfoil v. Moore (Texas Civ. App.), 39 S. W. Rep., 646; Towne, Texas Pl., 158, 357.

In an action against two railroad companies for damage to freight carried over their lines, an exception for misjoinder of causes of action is not well taken unless the petition shows on its face that one of the companies operates no part of its railroad in this State. Gulf, etc., Ry. Co. v. White (Texas Civ. App.), 32 S. W., 322, 324; London v. Miller, 19 Texas Civ. App., 450; Towne, Texas Pl., 158, 357; Levi v. Haverstick, 51 Ind., 236; Bliss, Code Pl., sec. 411; Grounds v. Sloan, 73 Texas, 662, 665; Stapper v. Wolter (Texas Civ. App.), 85 S. W., 850, 851; Tinsley v. Penniman, 8 Texas Civ. App., 498; Mitchell v. Thorne, 134 N. Y., 536.

A judgment will not be reversed for error in overruling a dilatory exception, when the law has been so changed that, were the cause remanded, the trial court would be required by the statute now in force again to overrule the exception. Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 262; Galveston, H. & S. A. Ry. Co. v. Lynch, 22 Texas Civ. App., 338; Galveston, H. & S. A. Ry. Co. v. McGraw et al. (Texas Civ. App.), 55 S. W. Rep., 756; Gen. Laws, Texas, 1905, p. 29.

In a suit for damages to freight caused by the negligence of a common carrier, the petition may count on a breach of the duty imposed by law and need not notice the special contract. Clark v. St. Louis, etc., Ry. Co., 64 Mo., 440; 1 Bates, Code Pl., 372, 367; 1 Chitty, Pl., 397; Bishop, Noncontract, sec. 74; Southern Pac. Co. v. Arnett, 111 Fed., 849; McFadden v. Missouri P. Ry. Co., 92 Mo., 343.

The T. & P. Ry. Co. recovered no judgment over against the appellant and no injury could have resulted from the overruling of the exception to the demand for judgment over. Rice v. Ward (Texas Civ. App.), 54 S. W. Rep., 320, 321; Gulf, etc., Ry. Co. v. O'Neill (Texas Civ. App.), 74 S. W. Rep., 960.

The only damage claimed for delay was that "by reason of said delay, the horses were greatly drawn and became gaunt and thin, lost flesh and were greatly injured and damaged," and the only delay on the T. & P. Ry. was at the Fort Worth stock yards, and there was no evidence that any damage to the horses was caused thereby. Texas & P. Ry. Co. v. Hall (Texas Civ. App.), 72 S. W. Rep., 1052; Chicago, etc., Ry. Co. v. Henderson (Texas Civ. App.), 73 S. W. Rep., 36.

The damage claimed for delay being only for the resulting injury to the horses, the measure of damages given by the court was correct. Gulf, etc., Ry. Co. v. Hume, 87 Texas, 211, 221; Gulf, etc., Ry. Co. v. Houghton (Texas Civ. App.), 68 S. W. Rep., 718; Gulf, etc., Ry. Co. v. Simmons (Texas Civ. App.), 28 S. W. Rep., 825; Texas & P. Ry. Co. v. Arnold, 16 Texas Civ. App., 76; Atchison, T. & S. F. Ry. Co. v. Grant, 6 Texas Civ. App., 681; Texas & P. Ry. Co. v. Birchfield (Texas Civ. App.), 33 S. W. Rep., 1022; Gulf, etc., Ry. Co. v. Staton (Texas Civ.

App.), 49 S. W. Rep., 277; Texas & P. Ry. Co. v. Avery (Texas Civ. App.), 33 S. W. Rep., 704.

A market value at Gadsden was not essential to plaintiff's case. Missouri, K. & T. Ry. Co. v. Chittim (Texas Civ. App.), 40 S. W. Rep., 23; Texas & P. Ry. Co. v. Fambrough (Texas Civ. App.), 55 S. W. Rep., 188; Texas & P. Ry. Co. v. Meeks (Texas Civ. App.), 74 S. W. Rep., 329; Houston & T. C. Ry. Co. v. Williams (Texas Civ. App.), 31 S. W. Rep., 556.

It is not error to modify a requested charge in such manner as to show precise charge requested and the precise modification made by the court. Willis v. Hudson, 72 Texas, 608; Missouri P. Ry. Co. v. Williams, 75 Texas, 4, 8.

There is no error in refusing a charge which precludes a verdict for the plaintiff unless the jury find that the damage was caused by the negligence of the defendant, unmixed with fault or negligence on the part of the plaintiff; (a) because it puts on the plaintiff the burden of disproving contributory negligence, and (b) because it is misleading to require a case "unmixed with fault or negligence on the part of the plaintiff." (a) La Prelle v. Fordyce (Texas Civ. App.), 23 S. W. Rep., 453, 454; (b) Erie Tel. Co. v. Grimes, 82 Texas, 89, 95; 1 Th. Neg., sec. 485, 170.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by the appellee, Berry, against the Texas & Pacific Railway Company and the appellant, the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for injuries claimed to have been caused to a shipment of fifty-eight head of horses by delay and rough handling, while in transit from Eskota and Merkel, Texas, to Gadsden, Tennessee. The Texas & Pacific Railway Company pleaded a general denial; that by the terms of the contract of shipment its liability was limited to damages occurring on its own line, etc., and prayed that in the event appellee should recover any amount from it, that it have judgment for such amount over against the St. Louis, Iron Mountain & Southern Railway Company. The appellant, The St. Louis, Iron Mountain & Southern Railway Company, pleaded, among other things, special exceptions, a general denial and that the horses when shipped were range horses, not in good condition and largely unbroken; that their inherent nature, disposition and character caused injury to them. That by the contract of shipment appellee expressly assumed the duty of caring for the horses in transit; and for that purpose went along in charge of them the entire journey; that if they suffered any injury while on appellant's line of railway it was produced by the failure of appellee to comply with his undertaking to provide for and care for said horses in transit. A jury trial resulted in a verdict and judgment for appellee against the Texas & Pacific Railway Company for $150 and against the appellant, The St. Louis, Iron Mountain & Southern Railway Company, for the sum of $350, from which appellant alone has appealed.

The evidence was sufficient to sustain the material allegations in appellee's petition against appellant and warrants the judgment against it. Twenty-eight head of the horses were delivered to the Texas &

Pacific Railway Company at Eskota, Texas, and thirty head at Merkel, Texas, and by that company transported to Ft. Worth and from there, in one and the same train, to Texarkana and delivered to appellant. Appellant transported the horses from Texarkana to its connecting carrier, the Louisville & Nashville Railway Company at Memphis, Tennessee, and by the last named company to their destination. The horses received injury while in the hands of the Texas & Pacific Railway Company by reason of its negligence in causing other cars to be thrown and propelled with great force against the cars in which the horses were being carried, but none on account of delay. The horses were not transported with reasonable promptness by appellant, but were negligently delayed in transit by that company and by reason thereof injured and damaged. Said horses were also crippled, bruised and injured by rough handling, on the part of appellant while in transit. Appellee sustained damage on account of the injuries to his horses as a result of the negligence of appellant in the amount found by the jury against it.

Appellant interposed a special exception to the sufficiency of appellee's petition on the ground that it appeared upon the face of said petition that there was a misjoinder of parties defendant and causes of action, for the reason that the alleged cause of action as against each of the defendants is entirely separate and distinct. The exception was overruled and the court's action is assigned as error. We think no reversible error is here shown. The original petition was filed May 12, 1904, and the special exception, as appears from the record, was taken by an amended answer filed March 28, 1905, in lieu of the original answer filed September 10, 1904. The contents of the original answer do not appear, and so far as we are advised by the record, the exception to the petition was presented for the first time by the amended answer. The exception was in the nature of a plea in abatement, and unless filed in the due order of pleading could not be made available. Due order of pleading requires that pleas in abatement or exceptions in the nature thereof, must be filed prior to an answer to the merits or they will not be considered. The record does not show that the exception in this instance was so filed, and in such case the presumption must be indulged here, in support of the trial court's judgment, that it was not, and hence will not be revised.

If the appellant operated any part of its railroad in this State the joinder of the defendants and causes of action alleged was proper. The petition did not show on its face that one of the railway companies sued did not operate any part of its railroad in Texas. It was alleged that the appellant was doing business in this State and had no agent in Dallas County; that the horses were transported over the Texas & Pacific Railroad to Texarkana, Texas, where it connects with appellant's railroad track, and that appellant's railroad track extends from Texarkana to Memphis, Tennessee. Again, since the trial of this case the Act of the Twenty-ninth Legislature, approved March 13, 1905, which would authorize the joinder of a suit of this character upon the allegations contained in appellant's petition, has become effective, and should the judgment rendered be reversed and the cause remanded for a new trial, on the ground that the court erred in overruling the exception under

consideration, appellant will have gained nothing thereby. It is only a question of remedy involved, and, under the law as it now exists, the joinder of the parties and causes of action would be entirely proper. In such case it has been held that the judgment will not be reversed, although the ruling complained of was error when made. (Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 262; Galveston, H. & S. A. Ry. v. Lynch, 22 Texas Civ. App., 338; Galveston, H. & S. A. Ry. v. McGraw, 55 S. W. Rep., 756.)

Nor should the case be reversed because the court overruled appellant's special exception attacking the sufficiency of appellee's petition on the ground that said "petition on its face left it uncertain whether the same is a declaration as against appellant upon an express or implied contract for the transportation of appellee's horses, or whether it intended to declare upon any contract whatever." The petition alleged that appellant was a common carrier of freight, fully set out the facts constituting his cause of action, and charged a breach of duty imposed upon it by law. We think this sufficient without an express declaration upon any bill of lading or contract of carriage which may have been made.

Nor do we think the case should be reversed because of the court's action in overruling appellant's special exception to that portion of the answer of the Texas & Pacific Railway Company wherein that company sought a judgment over against appellant for any amount which might be rendered in appellee's favor against it. A sufficient answer to this complaint is, that the Texas & Pacific Railway Company did not recover any judgment whatever over against appellant, and if the court's ruling in this respect was error, no injury resulted to appellant therefrom, and it has no ground of complaint on this score.

As applicable to the Texas & Pacific Railway Company, the court instructed the jury that it was 'the duty of that company to exercise ordinary care in the handling of their cars and train in order to avoid injury to appellee's horses, but did not submit to the jury the question of delay or slow transportation by that carrier. With respect to the liability of appellant, the jury were told that it was its duty to exercise ordinary care in the handling of its cars and train to avoid injury to appellee's horses, and also to use such care to transport said horses from Texarkana to Memphis, Tennessee, without unreasonable delay. Appellant complains that this was only a partial submission of the liability of the Texas & Pacific Railway Company under the issues made by the evidence, and lessened the relative responsibility of that company for the total amount of damages which the jury were authorized, by the charge as a whole, to assess, if they should find for the appellee. We think the court did not err in the manner of submitting the liability of the respective carriers under the evidence. Appellee claimed damages, it is true, against both of the companies on account of rough handling of the horses and delay in transportation, but we have found no evidence in the record that would justify a finding of any sum for damages sustained on account of delay, against the Texas & Pacific Railway Company. The delay alleged was one-half of a day on the part of the Texas & Pacific Railway Company and four and one-half days on the part of appellant. The only damage alleged to have been done the horses by

delay is that by reason thereof they "were greatly drawn and became gaunt and thin, lost flesh and were greatly injured and damaged." The only proof of delay while the horses were in the hands of the Texas & Pacific Railway Company occurred at Fort Worth and this was of such short duration that injury in the manner alleged could not be reasonably inferred therefrom, and there is no direct or positive evidence that such delay did in fact result in damage to said horses.

There was no error in charging the jury that the measure of damages in this case was the difference between the reasonable market value of the horses at Gadsden, Tennessee, in the condition in which they were when they arrived at said place and what their reasonable market value would have been at Gadsden, if they had been shipped to said place without negligence. There was evidence of the market value of the horses, both at the time and in the condition they were in when they arrived there, and at the time and in the condition they would have arrived in, but for the negligence in their transportation. In the state of the evidence, as shown by the record, the court's charge correctly stated the measure of damages that should govern the jury in case they found for appellee.

Appellant requested the court to charge the jury as follows: "The jury is instructed that before the plaintiff can recover damages in any amount against the defendant, St. Louis, Iron Mountain & Southern Railway Company, it is necessary for each and every one of the following facts to be established by a preponderance of the evidence:

"1. That the plaintiff's horses were damaged when they arrived at Gadsden, Tennessee, over and above the injury or damage that would necessarily be caused to a shipment of the kind and character of horses that these were, and in their condition, in making the trip by rail that these horses made.

"2. That if there was any damage that the same was caused by the negligence of the said defendants.

"3. That the plaintiff or his agent were not in fault in looking after the stock while in transit, contributing to the damage, if any.

"4. That it is shown by a preponderance of the testimony that there was any established market value at Gadsden, Tennessee, for the horses, and that it is shown by a preponderance of the testimony what this market value was, if there was any."

The court eliminated the fourth subdivision of this special charge and gave the other subdivisions thereof in the very language requested. The propositions urged in support of the contention that this action of the court was error, are (1), "when there is a controversy made by the evidence as to whether there is any market value for horses at the destination of a shipment, the existence of such market value should be submitted to the jury, especially when its submission is requested; (2) it is error for the court to change or modify the requested instruction of a party, without its consent and to give the modified and changed instruction in charge to the jury as the requested instruction of the party." We think it would have been confusing and misleading to the jury to have charged as requested in the fourth subdivision of said charge, that it devolved upon appellee to prove that there was an "estab-

lished" market value at Gadsden, Tennessee, for the horses. But aside from that, a sufficient reason for not giving that portion of the charge referred to lies in the fact that the evidence was insufficient to raise the issue that appellee's horses had no market value at Gadsden, Tennessee, the place of their destination. That they did have such market value there at the time they did arrive and at the time they should have arrived, is sufficiently shown by the testimony of appellee and his witness Jackson; and the testimony of other witnesses is simply to the effect that they did not know and could not testify that the horses had any market value at Gadsden at either of the times mentioned.

Appellant's proposition to the effect, that the court must give a requested charge without change or modification states a correct general rule of practice in this State, but to this general rule is a well recognized exception, namely, that when a requested charge is so modified that the precise charge requested and the precise modification made by the court distinctly appears, or where, as in the present instance, the charge asked consists of several separate subdivisions defining as many distinct and supposed necessary conditions of fact to be found by the jury before a verdict could be returned against the party asking such charge, and one of such subdivisions is not the law, as applied to the facts, and is eliminated by the court, it is not error to give the special charge so modified, or the remaining portions thereof, as the case may be, in the very terms asked. (Willis v. Hudson, 72 Texas, 608; Missouri Pac. Ry. Co. v. Williams, 75 Texas, 4.) The fourth subdivision of the charge in question grouped facts relating to a phase of the case distinct from those phases to which the facts enumerated in the other subdivisions thereof related, and upon the decision of which they were in no sense dependent. As stated above, we think the giving of that portion of the charge eliminated would have been error, because the issue presented therein was not raised by the evidence; the other portions of the charge given were in no respect qualified or their effectiveness impaired by the court's rejection of the fourth subdivision of said charge, and we fail to perceive any error in the court's charge with respect thereto of which appellant can justly complain.

We are also of the opinion that the court correctly refused to give appellant's special charge made the subject of its eighth assignment of error, to the effect, that if the jury should find that appellee's horses were damaged appellee could not recover unless they further believed that such damage was not the result of the nature and character of the animals themselves, but was caused by the fault or negligence of appellant, unmixed with any fault or negligence on the part of appellee. The charge, insofar as it required the jury to find, in order to return a verdict in favor of appellee, that the damage to his horses was caused by appellant "unmixed with fault or negligence on the part of appellee," was error in that it imposed upon appellee the burden of disproving contributory negligence; and insofar as it embodied correct propositions of law applicable to the facts was sufficiently covered by the court's main charge and the special charges above set out and given at appellant's request.

There is evidence to support the findings of the jury and in such case

it is well established that we would not be authorized to disturb their verdict. We conclude that none of appellant's assignments point out any reversible error and the judgment of the court below is therefore affirmed.

*Affirmed.*