**CURRY v. O'DANIEL et al.**

No. 1795.

Court of Civil Appeals of Texas. Waco.

Feb. 25, 1937.

Rehearing Denied March 18, 1937.

J. S. Simkins, of Corsicana, for appellant.
R. B. Molloy, of Corsicana, for appellees.

ALEXANDER, Justice.

This suit was brought to recover a balance of $800, and interest, alleged to be due on a promissory note, and to foreclose a vendor's lien retained to secure the payment of the same. The defendant pleaded the four-year statute of limitation (Vernon's Ann.Civ.St. art. 5527). The trial court instructed a verdict for plaintiffs, and the defendant appealed.

The note sued on was for the sum of $2,-800, dated June 14, 1923, and payable in monthly installments of $25 per month and interest, the first installment being due and payable on or before the 1st day of September, 1923, and a like installment on or before the first of each month thereafter until the principal was paid in full. Thirty-two monthly installments were paid as they matured prior to June 10, 1925. On that date, a payment of $1,000 was made on the principal. Thereafter, a payment of $25 per month and interest was made regularly up to and including October 1, 1926, or a total of sixteen additional payments. An installment of $25 was paid on the principal on January 3, 1927, and another on February 1, 1927. No further payments were made on the principal, but the interest was kept paid up to August, 1933. This suit was filed on March 20, 1934.

It is not contended by the appellant that the balance of $800 due on the principal has ever been paid. Their sole contention is that it is barred by limitation. Whether or not the suit was barred by limitation depends on the application to be made of the $1,000 payment made on June 10, 1925, for if that payment be applied to the discharge of the last maturing installments, then the installments that matured from January 1, 1927, to August 1, 1929, remained unpaid and were barred by limitation when this suit was filed; whereas, if said $1,000 payment be applied to the discharge of the forty monthly installments first maturing after said payment was made, said payment and the monthly payments subsequently made were sufficient

482

to discharge all installments that matured prior to May 1, 1930, and consequently none of the installments were past due as much as four years at the time the suit was filed and therefore the cause of action was not barred by limitation. The $1,000 payment was credited as principal on the note without anything to indicate that the parties applied it, or intended to apply it, to the discharge of any particular installments. Under these circumstances, the law will make the application according to the justice and equity of the case and this usually requires that such payment be applied according to priority of time—that is to the installments first maturing—especially where such application is necessary in order to prevent a just debt from being barred by the statute of limitation. 32 Tex.Jur. 683, § 29; Mitchell v. Schimming & Eddins (Tex.Civ. App.) 52 S.W.(2d) 1080, par. 2, and authorities there cited. By so applying said payment, it becomes apparent that no part of the cause of action was barred by limitation and therefore the trial court did not err in so instructing the jury.

The judgment of the trial court is affirmed.