A. O. BACHER, Appellant,

v.

G. C. MADDUX, Appellee.

No. 19192.

Court of Civil Appeals of Texas, Dallas.

April 20, 1977.

Joe Putnum, Irving, for appellant.

Reid A. Rector, Power, Ashley, Rector & Kinkeade, Irving, for appellee.

AKIN, Justice.

This is an appeal by A. O. Bacher, the plaintiff, from a summary judgment denying him recovery on a note executed by G. C. Maddux, the defendant. The sole basis of the trial court's judgment was that Bacher's cause of action on the note was barred by the four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon 1958), which provides that suit must be brought on a written debt within four years after the cause of action accrues. We hold, however, that plaintiff's cause of action is not so barred and, accordingly, reverse and remand.

The controversy emanates from a note for $15,824.39 executed by Maddux and payable to Bacher. This note provided for payment in fifteen equal semi-annual installments of $989 and one final payment of $989.39, with the first payment "being due and payable on or before July 1, 1966, and a like payment thereafter on or before January 1 and July 1 of each year thereafter . . . until paid in full." Thus, under the terms of the note, the last installment was due on July 1, 1974. The defendant made substantial prepayments, but failed to make further payments after July 1, 1971, although $1,450 of the principal remained unpaid. Plaintiff sued for this sum on August 31, 1976.

The defendant asserts that the suit was barred by the statute of limitations because he failed to pay installments due on January 1, 1972, and July 1, 1972, as required by the note. His rationale is that the plaintiff's cause of action accrued then and is, therefore, barred. He does not contend that he does not owe the debt. On the other hand, plaintiff argues that by virtue of the prepayments made by the defendant, no payments were actually due in January and July 1972. We agree with plaintiff. Where a party prepays note payments, these prepayments are applied to the installments first maturing. *Curry v. O'Daniel*, 102 S.W.2d 481, 482 (Tex.Civ.App.— Waco 1937, writ ref'd); *see Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 390 (Tex.1965). In *Curry*, Justice Alexander, later Chief Justice of the Texas Supreme Court, addressed a factually similar situation. In holding that the prepaid funds are applied according to priority of time, the court noted that this is especially so where "such application is necessary in order to prevent a just debt from being barred by the statute of limitation." We

conclude, therefore, that when the prepayments here are applied according to priority of time, that the payments in 1972 were paid by the prepayment. Thus, the delinquency and cause of action did not accrue until defendant failed to pay the 1974 installments.

Defendant argues, however, that the statute of limitations runs against each installment from the time it becomes due, citing *Hammann v. H. J. McMullen & Co.,* 122 Tex. 476, 62 S.W.2d 59, 61 (1933). We agree; however, the statute does not operate to bar installment payments that have been prepaid. Defendant's contention ignores the language of the note which provides that the installment payments are due "on or before" each installment date. Since the defendant prepaid installments as the note authorized him to do and since we have held that they are to be applied according to priority of time, it follows that no past-due installments existed prior to January 1, 1974.

Reversed and remanded.