Bernie D. GETTO et ux., Appellants,

v.

Ouida GRAY, et al., Appellees.

No. 18000.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 1981.

Rehearing Denied Nov. 19, 1981.

Michael J. Kuper, Houston, for appellants.

Bryan, Suhr & Cox, E. H. Suhr, Houston, for appellees.

Before EVANS, C. J., and WARREN and DOYLE, JJ.

EVANS, Chief Justice.

This suit was brought by the plaintiffs, purchasers under an executory contract for the sale of land, alleging that the sellers had wrongfully terminated their rights under the contract and seeking a declaratory judgment of their rights and damages for the alleged wrongful termination.

At the conclusion of the plaintiff's case the trial court entered a take nothing judgment in favor of the defendants, and the plaintiffs bring this appeal.

In reviewing the trial court's judgment, this court will apply the same standard of review as would be applicable to an instructed verdict in a jury trial. *Goodale v. Goodale,* 497 S.W.2d 116, 117 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). Thus, this court will consider the evidence in a light most favorable to the losing parties, will disregard any conflicts in the testimony, and will indulge every intendment reasonably deducible from the evidence in favor of such parties and against the judgment. *Anglin v. Cisco Mortgage Loan Co.,* 135 Tex. 188, 141 S.W.2d 935, 938, (1940).

The contract in question provides, in effect, that the seller agrees to sell and the purchasers agree to buy a designated tract of land and that upon payment of the purchase price, together with all interest due thereon, the sellers agree to deliver their general warranty conveyance and title policy to the purchasers. The stipulated purchase price is $500.00 in cash and a deferred consideration of $6,000.00, which is to be evidenced by a promissory note contempo-raneously executed by the purchasers. The contract permits the purchasers to take immediate possession of the property and to occupy it so long as they are not in default. The contract provides that the purchasers will not be considered in default until sixty days or two monthly installments have lapsed from the due date of the payments required by the note, and it recites that in the event of default, the purchasers are to surrender possession of the property and that the seller, without further notice or action, may reenter and take possession.

The promissory note stipulates that the indebtedness, both principle and interest, are payable in monthly installments of "not less than $46.52" each, the first such installment to be due "on or before" July 1, 1968, and a like installment to become due on or before the first day of each succeeding month thereafter. The note also recites that all past due principle and interest shall bear interest from and after maturity at the rate of 10% per annum.

Both the contract and note are dated May 24, 1968, and the first installment became due one month thereafter. For a period of about eight years, the purchasers paid all monthly installments required by the note, except that on two occasions, January 1, 1972 and August 1, 1975, the purchasers failed to make the required monthly payments. Almost all the payments made by the purchaser over this eight year period exceeded the minimum installment payment stipulated in the note and were paid to the sellers from several days to a month after the installment due date. All such payments were accepted by the sellers until August 2, 1976, when the sellers gave written notice to the purchasers that, effective that date, they were repossessing the property because two monthly installments had lapsed from "due date."

It is undisputed that if the overages in the monthly payments are applied to the installments first accruing under the note, the purchasers were not in default at the time the sellers gave notice of forfeiture. It is the sellers' contention that they were not required to apply these overages to the

installments next maturing and also that they were entitled to deduct, in computing the amounts to be credited against the note, 10% interest on all overdue payments under the provision that all past due principle and interest bear interest from and after the maturity at the rate of 10% per annum.

In the absence of an express stipulation to the contrary, prepayments on an indebtedness are to be applied to the installments first maturing. *Williams v. Cambridge Companies, Inc.*, 615 S.W.2d 172 (Tex.1981); *Bacher v. Maddux*, 550 S.W.2d 405 (Tex.Civ.App.—Dallas 1977, no writ). Therefore, the purchasers were not in default under the terms of the parties' agreement, unless the sellers were entitled to deduct interest on overdue installments in computing the amount of payments to be credited against the indebtedness.

Throughout a period of some eight years the sellers habitually accepted overdue payments from the purchasers and never notified the purchasers that overdue payments would not be accepted in the future. Under the undisputed evidence, the sellers were not entitled to accelerate maturity with respect to payments made and accepted prior to the due date of the July 1, 1976 installment. *Vaughan v. Crown Plumbing and Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ). Therefore, at that time there were no past due installments against which post-maturity interest could accrue, and when the purchasers subsequently made tender of the installments currently due, that action prevented the sellers from declaring the contract in default. *City National Bank of Corpus Christi v. Pope*, 260 S.W. 903 (Tex.Civ.App.—San Antonio 1924, no writ).

Furthermore, it is undisputed that the sellers did not give to the purchasers written notice of intent to accelerate maturity and to forfeit the purchasers' rights under the contract as required by Tex.Rev. Civ.Stat.Ann. art. 1301b (Vernon 1980);

*Sanchez v. Brandt*, 567 S.W.2d 254 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n. r. e.). Although the sellers did notify the purchasers of their intent to repossess the property, such notice did not constitute notice of an intent to accelerate maturity. *Hill v. James*, 7 S.W.2d 910 (Tex.Civ.App.— Eastland 1928, no writ); *Purnell v. Follett*, 555 S.W.2d 761 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). A forfeiture of a purchaser's rights under an executory sales contract is not authorized in the absence of due and proper notice of acceleration and forfeiture. *Richards v. Combest*, 208 S.W.2d 392 (Tex.Civ.App.—Beaumont 1947, writ ref'd n. r. e.).

Where a case has been fully developed, and the controlling facts are undisputed, it is generally the duty of the appellate court, upon reversal, to enter the judgment that should have been rendered by the trial court. *Sweeney v. Gulf C. & S. F. Ry. Co.*, 84 Tex. 433, 19 S.W. 555 (1892). This is especially the case where the parties' rights are governed by written instruments about which there can be no controversy. *Caraway v. Fowler*, 267 S.W. 672 (Tex.Com.App. 1924, judgmt adopted).

In the case at bar, this court cannot determine with certainty that the case was fully developed because the trial court entered judgment at the close of the plaintiffs' case, thus foreclosing the opportunity for the defendants to offer any evidence with respect to their defense. Accordingly, in the interest of justice, the cause will be remanded for a new trial. T.R.C.P. 434. *Southwestern Drug Corp. v. McKesson & Robbins, Inc.*, 141 Tex. 284, 172 S.W.2d 485, 487 (1943).

The judgment of the trial court is reversed and the cause is remanded.